■ In the Matter of TEN EYCK POWELL, JR., et al., Appellants, v TOWN OF COEYMANS et al., Respondents. [656 NYS2d 460] —Crew III, J. P. Appeal from a judgment of the Supreme Court (Teresi, J.), entered November 13, 1995 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition/complaint as time barred.

In August 1994, petitioners conveyed approximately 201 acres of land, representing a portion of a 400-acre parcel located in the Town of Coeymans, Albany County, to a family partnership. Shortly thereafter, petitioners were advised that the conveyance violated respondent Town of Coeymans' subdivision regulations. Attempts to persuade respondent Town of Coeymans Planning Board that the conveyance was undertaken merely for estate planning purposes and did not constitute a subdivision of land proved unsuccessful, and petitioners ultimately commenced suit against the Town challenging the Planning Board's May 25, 1995 determination requiring them to seek a variance and subdivision approval in conjunction with the underlying conveyance. By order dated August 8, 1995, Supreme Court granted the Town's motion to dismiss finding, *inter alia*, that dismissal was required due to petitioners' failure to join the Planning Board as a necessary party. In the interim, petitioners commenced the instant combined CPLR article 78 proceeding and action for declaratory judgment against the Town and Planning Board—again challenging the Planning Board's determination regarding the

subject conveyance. Respondents then moved to dismiss the petition/complaint arguing, *inter alia*, that the petition/complaint was time barred by the 30-day Statute of Limitations set forth in Town Law § 282. Supreme Court granted respondents' motion, and this appeal by petitioners ensued.

Petitioners, as so limited by their brief, contend only that Supreme Court erred in dismissing the petition/complaint in its entirety without specifically issuing a declaration as to that portion of the petition/complaint seeking declaratory relief. To be sure, "when a court resolves the *merits* of a declaratory judgment action against the plaintiff, the proper course is not to dismiss the complaint, but rather to issue a declaration in favor of the defendants" (*Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954 [emphasis supplied]). Here, however, Supreme Court dismissed the petition/complaint on Statute of Limitations grounds and, hence, never reached the merits.

As to the Statute of Limitations issue, it is well settled that in determining the limitations period applicable to a particular declaratory judgment action, "the court must 'examine the substance of that action to identify the relationship out of which the claim arises and the relief sought' * * * If the court determines that the underlying dispute can be or could have been resolved through a form of action or proceeding for which a specific limitation period is statutorily provided, that limitation period governs the declaratory judgment action" (*Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202, quoting *Solnick v Whalen*, 49 NY2d 224, 229; *see, Matter of Llana v Town of Pittstown*, 234 AD2d 881, 882-883).

Here, a review of the petition/complaint reveals that petitioners' request for declaratory relief mirrors the very relief sought by petitioners in the CPLR article 78 proceeding—namely, annulment of the Planning Board's decision finding that the subject conveyance required both a variance and subdivision approval. In this regard, Town Law § 282, which provides for review of a decision made by a planning board by way of a proceeding pursuant to CPLR article 78, expressly sets forth a 30-day Statute of Limitations. Inasmuch as the 30-day period was triggered by the filing of the Planning Board minutes with the Town Clerk on May 25, 1995 (*see, Matter of Pickett v Town of Tusten Zoning Bd. of Appeals*, 169 AD2d 906, 907), Supreme Court properly concluded that the instant proceeding/action, which was not commenced until June 28, 1995, was time barred. Accordingly, Supreme Court properly dismissed petitioners' request for declaratory relief without reaching the merits.

Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.