■ In the Matter of SLIMROD VENTURES, Doing Business as AMSTERDAM SHOPPING CENTER, Respondent, v TOWN BOARD OF TOWN OF AMSTERDAM et al., Appellants, et al., Respondent. [663 NYS2d 370] —Peters, J. Appeal from a judgment of the Supreme Court (Best, J.), entered October 28, 1996 in Montgomery County, which granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia,* compel respondent Town Board of Town of Amsterdam to permit construction of a connector road between property owned by petitioner and property owned by respondent K-Mart Corporation.

In January 1993, respondent K-Mart Corporation sought rezoning of a parcel of land located in the State Route 30 cor-

---

ridor in the Town of Amsterdam, Montgomery County, to allow it to build a superstore on this site. Prior to making a determination on the zoning application, an environmental review was conducted in accordance with the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). Although the draft environmental impact statement (hereinafter EIS) proposed a connector road between the parking lot of the shopping center owned by petitioner and the parking lot of the new K-Mart store to ease anticipated traffic congestion, thus requiring negotiations between petitioner and K-Mart concerning a right-of-way on this private land, the final EIS, after having had the advantage of a complete traffic analysis, an engineer's opinion and approval by the State Department of Transportation, included a different suggestion for managing the traffic. It proposed that a bypass road be built to connect Route 30 to Golf Course Road, which road, also private, would allow traffic to travel around the K-Mart store, provide access to its parking lot and avoid the congestion at the highly developed portions of Route 30 and Golf Course Road. This suggestion essentially foreclosed the need for the proposed connector road between petitioner's shopping center and K-Mart's property.

Respondent Town Board of Town of Amsterdam (hereinafter the Town Board), as lead agency for the proper implementation of SEQRA, thus stated in its findings statement of September 15, 1993 as follows: "Since the entrance to Golf Course Road will be constructed, the Town feels the entrance to [petitioner's] property and the improvements to Golf Course Road are not necessary at this time. The Town, however, in the interest of public safety, wishes to reserve the right to require [K-Mart] to permit a future connection to [petitioner's property and a different parcel] and to permit traffic through their property to and from the adjoining properties. Further, the secondary road shall be designed to permit access to [petitioner's] properties." These findings were adopted by resolution issued on the same date.

Despite these changes, petitioner further pursued an agreement with K-Mart to construct the connector road. However, after K-Mart obtained approval for its project and agreed to construct the bypass road required by the Town Board, petitioner was advised that K-Mart would not negotiate further regarding the connector road until its store was completed and open for business.

Slimrod thereafter commenced this combined action and proceeding on August 31, 1994 against the Town Board and respondent Town Zoning Enforcement Officer (hereinafter collec-

tively referred to as respondents) and K-Mart seeking, *inter alia*, to enjoin the issuance of K-Mart's permanent certificate of occupancy by contending that the Town Board should be compelled to invoke its reservation of rights and order K-Mart to permit the connection between petitioner's property and its property. K-Mart raised several affirmative defenses which included, *inter alia*, a failure to state a cause of action, Statute of Limitations and a failure to exhaust administrative remedies. Respondents filed a motion to dismiss alleging that the action was time barred, that petitioner was improperly seeking a writ of mandamus and that further SEQRA review was required before the proposed connector road could be constructed.

After oral argument and prior to a decision being rendered, K-Mart entered into an agreement with petitioner to build the connector road. However, respondents adhered to their contention that further environmental and traffic review be conducted before such a road could be built. After the submission of respondents' answer, petitioner moved for summary judgment requesting, *inter alia*, that respondents be permanently enjoined from preventing the construction of the connector road. Respondents cross-moved for summary judgment stating, *inter alia*, that the issue was not ripe for review since no final decision had been made with respect to such connector road.*

Supreme Court determined that respondents were acting arbitrarily and capriciously by requiring further environmental study and formal application. It thus ordered the Town to permit construction of the connector road. So reasoning, the court found that since K-Mart had agreed with petitioner to construct such road, the Town must issue a permanent certificate of occupancy for the K-Mart project upon K-Mart's granting of an easement to petitioner. Respondents appeal.

Acknowledging that during the initial stages of review a connector road was proposed between these two properties as a means to manage the traffic, the record shows that the connector road was later discarded in favor of a bypass road. In the SEQRA findings which were later adopted by the Town Board, respondents, "in the interests of public safety", simply reserved the right at a later date to require K-Mart to permit the connection if the need arose. Hence, nowhere within such findings

---

* The record reflects that respondents engaged in negotiations with petitioner to permit the construction of the connector road in an effort to settle this litigation. Contrary to petitioner's contentions, we find nothing in the record to indicate that the Town proffered a formal settlement which was accepted.

can it be gleaned that the construction of the connector road was deemed a condition precedent to the issuance of K-Mart's final approval.

It is clear that the instant litigation arose as a result of the decision by respondents to substitute the bypass road for the connector road. Since this decision was made on September 15, 1993 and petitioner did not file its combined complaint until August 31, 1994, well beyond the four-month Statute of Limitations period, we find the challenge to the underlying agency determination to be time barred. Faced with the dual denomination of this case as a declaratory judgment action and CPLR article 78 proceeding, subject to differing limitation periods (*see*, CPLR 213), we find that in determining the underpinnings of the declaratory judgment allegations " 'the underlying dispute [is essentially a writ of mandamus against respondents. Since it] * * * could have been resolved through a [CPLR article 78 proceeding] for which a specific limitation period is statutorily provided, that limitation period [must] govern[ ] the declaratory judgment action' " (*Matter of Powell v Town of Coeymans*, 238 AD2d 788, 789, quoting *Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202). Accordingly, petitioner's declaratory judgment action is time barred as well.

For all of the foregoing reasons, we hereby reverse the judgment of Supreme Court.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

