■ In the Matter of LAWRENCE V. STANKAVICH et al., Appellants, v TOWN OF DUANESBURG PLANNING BOARD, Respondent. [667 NYS2d 997] —White, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered June 25, 1997 in Schenectady County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as time barred.

On September 5, 1996, respondent granted a special use permit to Southwestern Bell Mobile Systems, doing business as Cellular One, allowing it to construct a 250-foot cellular telephone tower and a utility building on property located on Mott Road in the Town of Duanesburg, Schenectady County. Respondent's decision was filed in the Town Clerk's office on September 25, 1996; however, on October 3, 1996, respondent issued another special use permit to Cellular One in accordance with a revised site plan showing a free-standing tower in place of the original tower with support cables. This decision was filed on November 1, 1996. Cellular One then proceeded to construct the facility and began operations on December 31, 1996. Thereafter, on April 11, 1997, petitioners commenced this combined CPLR article 78 proceeding and action for a declaratory judgment seeking, *inter alia*, a declaration that the special use permits were invalid due to respondent's failure to

comply with General Municipal Law § 239-m.[1] Instead of answering, respondent moved to dismiss the petition on the ground that it was barred by the 30-day Statute of Limitations set forth in Town Law § 274-b (9).[2] Supreme Court granted the motion, prompting this appeal.

Petitioners' argument that respondent's granting of the special use permits was jurisdictionally defective and subject to collateral attack is not without merit (see, Matter of Flynn v State Ethics Commn., 87 NY2d 199, 202; Matter of South Shore Audubon Socy. v Board of Zoning Appeals, 185 AD2d 984; Matter of Ferrari v Town of Penfield Planning Bd., 181 AD2d 149, 152; Matter of Burchetta v Town Bd., 167 AD2d 339). However, it does not necessarily follow, as petitioners contend, that the Statute of Limitations defense is negated in light of this apparent jurisdictional defect. Every action must be commenced within the time specified in the CPLR or other applicable statute, and, if no limitation is specified, it must be commenced within six years of the accrual of the cause of action (CPLR 201, 213 [1]). Our review of CPLR article 2 discloses that, at best, petitioners' claim is governed by CPLR 213 (1) unless we determine that it could have been resolved through a form of action or proceeding for which a specific limitation period is statutorily provided (see, Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202; Solnick v Whalen, 49 NY2d 224, 229). If there is, that limitation period governs (see, Matter of Llana v Town of Pittstown, 234 AD2d 881).

As indicated, petitioners are seeking to annul the special use permits on the ground that respondent lacked jurisdiction due to its failure to comply with General Municipal Law § 239-m. Inasmuch as this challenge does not seek to test the constitutionality or validity of the zoning ordinance but only questions the procedure followed by respondent in granting the permits, and, in essence, claims that it acted illegally, this matter could have been resolved in a CPLR article 78 proceeding (see, Matter of Razzano v Planning Bd., 223 AD2d 815; Detmer v Acampora, 207 AD2d 477; see also, Siegel, NY Prac § 437, at 665 [2d ed]). Consequently, the 30-day period of limitations set forth in Town Law § 274-b (9) governs and, as this proceeding was not commenced within 30 days of the filing of respondent's decision, Supreme Court's dismissal of the petition as time barred

1. While petitioners denominated this proceeding as one solely brought pursuant to CPLR article 78, our characterization more accurately reflects the nature of this proceeding given the request for declaratory relief.

2. Respondent's notice of motion erroneously referred to Town Law § 282, which governs planning board decisions regarding plats.

was proper (*see, Matter of Slimrod Ventures v Town Bd.*, 243 AD2d 944; *Matter of Powell v Town of Coeymans*, 238 AD2d 788).

Taking into account that petitioners commenced this proceeding after Cellular One had constructed its facility and failed to safeguard their interests by promptly seeking an injunction, we would, in any event, have found this proceeding barred by laches (*see, Matter of Save the Pine Bush v City Engr. of City of Albany*, 220 AD2d 871, *lv denied* 87 NY2d 807).

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.