■ In the Matter of SLIMROD VENTURES, Respondent, v WILLIAM GRZYB, as Supervisor of the Town of Amsterdam, et al.,

Appellants, et al., Respondent. (Proceeding No. 1.) In the Matter of SLIMROD VENTURES, Respondent, v TOWN OF AMSTERDAM ZONING BOARD OF APPEALS et al., Appellants, et al., Respondent. (Proceeding No. 2.) [679 NYS2d 449] —Peters, J. Appeals from two judgments of the Supreme Court (Best, J.), entered April 29, 1998 and May 29, 1998 in Montgomery County, which granted petitioner's applications, in two proceedings brought pursuant to CPLR article 78 and an action for declaratory judgment, to, *inter alia*, annul a determination of respondent Town of Amsterdam Zoning Board of Appeals that a building permit and site plan review were required prior to the construction of a connector road between petitioner's and respondent K-Mart Corporation's parking lots.

The underlying facts relevant to this proceeding were fully reviewed by us in *Matter of Slimrod Ventures v Town Bd.* (243 AD2d 944) wherein we dismissed, as untimely, the proceeding seeking to compel the Town Board of the Town of Amsterdam to condition its issuance of respondent K-Mart Corporation's final certificate of occupancy upon its acquiescence to a connecting road being built between its property and plaintiff's. Although Supreme Court rejected the contention that further environmental study and formal application to the Town of Amsterdam was required, our review of the record demonstrated, to our satisfaction, that this connector road was discarded in favor of a bypass road. As reflected in a report dated September 13, 1993, adopted by the Town Board as lead agency on this project for the proper implementation of the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), "in the interest of public safety" the Town wished to reserve the right to require K-Mart to permit such road if the need later arose. As further noted therein, "[t]he location of all entrances to the property will be jointly approved by the Town Planning Board and the [State Department of Transportation]".

Prior to our determination being rendered, petitioner and K-Mart reached an agreement with regard to the connector road. Construction therefore commenced on May 17, 1997, triggering a stop-work order on May 18, 1997 by respondent Supervisor of the Town of Amsterdam, acting by Town Board resolution in lieu of respondent Zoning/Code Enforcement Officer who subsequently supported that determination. Before we issued our decision in the aforementioned appeal, petitioner commenced a combined CPLR article 78 proceeding and declaratory judgment action (proceeding No. 1) seeking to, *inter alia*, annul the stop-work order, to obtain a declaration

that neither a building permit nor site plan review was required and that the Town had no jurisdiction over its construction. At the same time, petitioner appealed the stop-work order to respondent Town of Amsterdam Zoning Board of Appeals (hereinafter the ZBA), which ultimately determined that a building permit and site plan review were required. Thus, proceeding No. 2 sought to, *inter alia*, annul the ZBA's determination.

Supreme Court granted the relief requested in proceeding No. 2 reasoning, *inter alia*, that the Town Board had previously approved the "connector road" incidental to its review of the K-Mart application by a three-member majority, as had the State Department of Transportation and the Town's engineer. It further refused to find that provisions of the Town's Zoning Ordinance applied to construction characterized as a "connector road" as opposed to a "driveway", and concluded that the ZBA's action was arbitrary and capricious. Applying this reasoning to resolve proceeding No. 1, and directing the Town not to interfere with the proposed construction, the ZBA, the Zoning/Code Enforcement Officer, the Town Supervisor and the Town pursued this appeal.

In reviewing the ZBA's interpretation of its own ordinance which supported the issuance of the stop-work order, we note that although its interpretation is "not entitled to unquestioning judicial deference" (*Matter of Exxon Corp. v Board of Stds. & Appeals*, 128 AD2d 289, 296, *lv denied* 70 NY2d 614) and should be annulled where the interpretation is irrational or unreasonable (*see, Matter of Frishman v Schmidt*, 61 NY2d 823), we find no basis to disturb the ZBA's determination regardless of the parties' characterization of the project as either a "connector road" or "driveway".

It is evident that the Town, pursuant to the provisions of the Town Zoning Ordinance and the report issued in connection with SEQRA review of K-Mart's project, recognized its legitimate interest in the regulation and construction of roadways around and between commercial sites. Section 44 (c) (1) of the Town Zoning Ordinance, as amended, clearly delineates that prior approval shall be required and that such approval will include the "[a]dequacy and arrangement of vehicular traffic access and circulation, including intersections, road widths, pavement surfaces, channelization structures and traffic controls", as well as the "[l]ocation, arrangement, appearance and sufficiency of off-street parking and loading". Hence, we find no basis to disturb the interpretation rendered by the ZBA or a justification for Supreme Court's imposition of its own interpretation of the scope of that ordinance.

As to petitioner's contention and Supreme Court's agreement, that it was arbitrary and capricious for the Town to require further review before the subject roadway could be built because prior approval was granted in conjunction with the K-Mart project, we note that such approval could only be derived from a letter written by Town Attorney Norbert Sherbunt which had outlined various settlement positions proposed by the Town, "subject to approval of the proposed connection by the Town Board as to size, nature and location * * * based on considerations of public safety". With the record before us failing to indicate that these settlement terms were accepted, coupled with jurisdiction to review and approve all entrances to the K-Mart property reserved to both the Town Planning Board and the State Department of Transportation, irrespective of whether the sponsor was petitioner or K-Mart, we find no basis to conclude that traffic and engineering studies were "carefully considered * * * incident to the K-Mart application" since the use of a connector road was abandoned in favor of a bypass road. Hence, until such project is formally reviewed by the Town, wherein it can specify its requests, if any, there exists no basis for Supreme Court to render a determination as to whether a request for further study and review would be arbitrary and capricious.

Accordingly, we reverse the judgments of Supreme Court.

Mercure, J. P., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgments are reversed, on the law, without costs, petitions dismissed and it is declared that the Town of Amsterdam does have jurisdiction over petitioner's construction consistent with this Court's decision.