■ JOHN PROPER et al., Appellants, v SOUTHWESTERN BELL MOBILE SYSTEMS, Doing Business as CELLULAR ONE, Respondent, et al., Defendant. [697 NYS2d 743] —Mercure, J. P. Appeal from an order of the Supreme Court (Lynch, J.), entered August 7, 1998 in Schenectady County, which, *inter alia*, granted a motion by defendant Southwestern Bell Mobile Systems for summary judgment dismissing the complaint against it.

On September 5, 1996, the Town of Duanesburg Planning Board approved an application by defendant Southwestern Bell Mobile Systems, doing business as Cellular One (hereinafter defendant), for a special use permit for construction of a 250-foot cellular telephone tower and a related utility building on a parcel of land on Mott Road in the Agricultural and Rural Residential District (R-100) of the Town of Duanes-

burg, Schenectady County. A revised site plan was approved on October 3, 1996. A building permit was issued on October 8, 1996 and defendant proceeded to construct the facility, which began its operations on December 31, 1996. A "Certificate of Use" was issued by the Town Building Inspector on April 22, 1997. An ensuing CPLR article 78 proceeding brought to challenge the issuance of the special use permits was dismissed on Statute of Limitations grounds; this Court affirmed on appeal (*Matter of Stankavich v Town of Duanesburg Planning Bd.*, 246 AD2d 891).

Plaintiffs, who are residents and taxpayers of the Town living near the cellular telephone tower, gave written notice to the Town on May 5, 1997, May 21, 1997 and July 15, 1997 that the number of antennae then on the cellular telephone tower exceeded the three that had been authorized by the special use permits and that such use, as well as the existence of artificial lights and reflecting devices on the tower, violated various provisions of the Town of Duanesburg Zoning Ordinance. Then, on October 9, 1997, plaintiffs gave the Town written notice that the cellular telephone tower violated the height restriction for buildings and structures imposed by section 6.5 of the Zoning Ordinance. Finally, by letter dated October 22, 1997, plaintiffs informed Town officials that the lease to defendant of the property upon which the tower was built constituted an impermissible subdivision of real property.

The Town apparently took no action to restrain, abate or remedy the alleged violations, and plaintiffs commenced this action pursuant to Town Law § 268 (2) seeking a permanent injunction directing defendant to cease operations at the tower until it cured its alleged violations of the Zoning Ordinance or obtained the necessary variances, permits or other required approvals. Following service of an answer, defendant moved and plaintiffs then cross-moved for summary judgment. Supreme Court granted the motion and denied the cross motion and dismissed the complaint against defendant. Plaintiffs appeal.

We affirm. Initially, we agree with Supreme Court's conclusion that defendant's cellular telephone tower does not violate Zoning Ordinance § 6.5 (1), which provides for a "maximum building height" of 2½ stories or 35 feet. We first note that the Zoning Ordinance provides specific (and, we believe, mutually exclusive) definitions of "Building"[1] and "Public Utility

---

1. Zoning Ordinance § 3.5.12 defines "Building" as: "Any structure constructed or used for residence, business, industry, or other public or

Structures"[2] and agree with Supreme Court's conclusion that the subject cellular telephone tower falls far more logically within the latter than the former. This view is also buttressed by the Zoning Ordinance's authorization of transmission towers in the R-100 zone by mere special use permit. Considering the fundamental distinction between a special use permit and a variance (*see, Matter of North Shore Steak House v Board of Appeals*, 30 NY2d 238, 243-244; *Matter of Sunrise Plaza Assocs. v Town Bd.*, 250 AD2d 690, 693, *lv denied* 92 NY2d 810) and the fact that transmission towers will almost invariably exceed 35 feet in height, only a strained construction of the Zoning Ordinance would subject transmission towers to the 35-foot height limitation applicable to buildings and require both a special use permit and variance for their placement.

We also agree with Supreme Court's conclusion that defendant's alleged addition of seven antennae on the tower did not require any further permit. Neither defendant's applications nor the permits that were actually issued contained any limitation concerning (or even reference to) the number of permitted antennae. Finally, Supreme Court was correct in its determination that plaintiffs' conceded failure to comply with the 10-day advance notice requirement of Town Law § 268 (2) barred their cause of action regarding the purported violation of the Town's subdivision regulations.

The parties' remaining contentions have either been found to lack merit or need not be addressed.

Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.

---

privates purposes, or accessory thereto, including tents, lunch wagons, dining cars, trailers, billboards, signs and similar structures whether stationary or moveable."

    **2.** Zoning Ordinance § 3.5.65 defines "Public Utility Structures" as: "Public utility structures and facilities, such as electric lines and poles, gas mains, water mains, and telephone and telegraph lines and poles, not including, however, high voltage transmission lines and poles thereof."