■ MICHELE KREAMER et al., Appellants, v TOWN OF OXFORD et al., Respondents. [938 NYS2d 220]—

Garry, J.

Initially, we reject plaintiffs' contention that Supreme Court improperly applied the standard applicable to summary judgment motions to the motion to dismiss the complaint (*see* CPLR 3211 [a] [7]; 3212). Despite a brief reference to plaintiffs' failure to submit affidavits, the requisite standard was clearly applied; the decision was rendered by " 'constru[ing] the pleadings liberally, accept[ing] the allegations as true and afford[ing] [plaintiffs] the benefit of every possible inference to determine whether the facts alleged fit within a cognizable legal theory' " (*Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1054 [2009], quoting *T. Lemme Mech., Inc. v Schalmont Cent. School Dist.*, 52 AD3d 1006, 1008 [2008]).

Supreme Court properly dismissed plaintiffs' cause of action seeking a declaratory judgment that their property is grandfathered under the Town's zoning ordinance. Plaintiffs contend that a declaratory judgment action is a proper vehicle for this claim, and that Town Law § 267-c (1) provides that a challenge to a town zoning action "may" be asserted in a CPLR article 78 proceeding, but that such a proceeding is not an exclusive remedy. The significant question is not whether the proper form of proceeding was selected, but rather whether the claim was timely—and we find that it was not. A six-year limitations period generally governs declaratory judgment actions (*see* CPLR 213 [1]), but it is well settled that if such a claim could have been properly made in another form, then the shorter limitations period applies; " 'the time for asserting the claim cannot be extended through the simple expedient of denominating the action one for declaratory relief' " (*Matter of Town of Olive v City of New York*, 63 AD3d 1416, 1418 [2009], quoting *New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 201 [1994]; *see Trager v Town of Clifton Park*, 303 AD2d 875, 876 [2003]). The applicable limitations period is determined by " 'examin[ing] the substance of [the] action to identify the relationship out of which the claim arises and the relief sought' " (*Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202 [1987], quoting *Solnick v Whalen*, 49 NY2d 224, 229 [1980]). Here, plaintiffs' claim that their property is grandfathered arises out of defendants' denial of their building permit and variance

applications. The relief they seek is, in essence, a determination that defendants' actions were wrong. This claim could have been brought in a CPLR article 78 proceeding challenging defendants' actions under Town Law § 267-c (1). The action was not commenced within that statute's 30-day limitations period, and was thus properly dismissed as untimely (*see* Town Law § 267-c [1]; *Matter of Town of Olive v City of New York*, 63 AD3d at 1418; *Matter of Stankavich v Town of Duanesburg Planning Bd.*, 246 AD2d 891, 892-893 [1998]; *Matter of Powell v Town of Coeymans*, 238 AD2d 788, 789 [1997]).*

Plaintiffs' tort claims were also properly dismissed. "Government action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general" (*McLean v City of New York*, 12 NY3d 194, 203 [2009]). Defendants' allegedly negligent denial of plaintiffs' applications for a permit and variance was not claimed to be ministerial, nor do plaintiffs' allegations give rise to any reasonable inference of the existence of a special duty (*see id.* at 199; *Lewis v State of New York*, 68 AD3d 1513, 1514-1515 [2009]). As to the cause of action against Wilcox, plaintiffs claim that he committed an "abuse of power" by signing the letter advising that their permit application had been denied and that their remedy was an appeal rather than a new application. However, there are no facts alleged that might support a showing that this conduct was wrongful, that it was not discretionary, or that it was beyond the scope of this defendant's official duties, with respect to which he was immune from civil liability (*see Moore v Melesky*, 14 AD3d 757, 760 [2005]; *Della Villa v Constantino*, 246 AD2d 867, 869 [1998]).

Next, Supreme Court correctly dismissed plaintiffs' claim pursuant to 42 USC § 1983. As pertinent here, the statute redresses constitutional violations of property rights and "is not simply an additional vehicle for judicial review of land-use determinations . . . [D]enial of a permit—even an arbitrary denial redressable by [a CPLR] article 78 or other state law proceeding—is not tantamount to a constitutional violation under 42 USC § 1983; significantly more is required" (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 627 [2004] [internal

---

* Plaintiffs' speculative contention that the 30-day limitations period may never have begun to run because the ZBA's decision may not have been filed with the Town Clerk (*see* Town Law § 267-c [1]) was raised for the first time on appeal and is thus unpreserved (*see Matter of Wyman v Braman*, 298 AD2d 787, 788 [2002], *lv dismissed* 99 NY2d 578 [2003]; *Matter of Dwyer v Polsinello*, 160 AD2d 1056, 1058 [1990]).

quotation marks, citation and emphasis omitted]). To establish their substantive due process claim, plaintiffs were required to allege that, without legal justification, they were deprived of a vested property interest, consisting of "more than a mere expectation or hope" of obtaining a permit or a variance (*Town of Orangetown v Magee*, 88 NY2d 41, 52 [1996]; *see Matter of Ken Mar Dev., Inc. v Department of Pub. Works of City of Saratoga Springs*, 53 AD3d 1020, 1024-1025 [2008]). The pleadings here contain no allegations that might support a claim that defendants had so little discretion over building permit and variance applications "that approval of a proper application [was] virtually assured" (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d at 628 [internal quotation marks and citations omitted]; *see Town of Orangetown v Magee*, 88 NY2d at 52-53) and, thus, plaintiffs did not establish a " 'legitimate claim of entitlement' " (*Town of Orangetown v Magee*, 88 NY2d at 52, quoting *Board of Regents of State Colleges v Roth*, 408 US 564, 577 [1972]). Moreover, plaintiffs failed to allege facts that might support a claim that defendants' actions were "wholly without legal justification" (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d at 627). No facts or circumstances are alleged from which it could be inferred that defendants' actions were punitive, politically motivated, or otherwise egregious and arbitrary in the constitutional sense (*compare Town of Orangetown v Magee*, 88 NY2d at 53; *Matter of Upstate Land & Props., LLC v Town of Bethel*, 74 AD3d 1450, 1453-1454 [2010]). Accordingly, no violation of 42 USC § 1983 was successfully alleged.

Plaintiffs' remaining contentions, to the extent not specifically addressed, have been considered and found to be without merit.

Peters, J.P., Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.