MICHELE KREAMER et al., Appellants, v TOWN OF OXFORD et al., Respondents, et al., Defendant. [946 NYS2d 284]—

McCarthy, J. Appeal from an order of the Supreme Court (Dowd, J.), entered February 24, 2011 in Chenango County, which, among other things, granted certain defendants' motion to dismiss the complaint against them.

Plaintiffs purchased property in the Town of Oxford, Chenango County and began construction or repairs on the foundation, siding and roof of the house located thereon. Defendant Town of Oxford, through defendant Patrick Moore, the Town Code Enforcement Officer, issued a stop work order because plaintiffs had not obtained a building permit. Moore then denied plaintiffs' application for a building permit because the lot was too small. Defendant Town of Oxford Zoning Board of Appeals (hereinafter the ZBA) denied their application for an area variance. In September 2009, plaintiffs commenced an action against the Town, the ZBA, Moore, defendant Town of Oxford Planning Board and defendant Lawrence Wilcox. Supreme Court dismissed that complaint in July 2010 and this Court affirmed in January 2012 (*Kreamer v Town of Oxford*, 91 AD3d 1157 [2012]).

In September 2010, while the appeal in the prior action was pending, plaintiffs commenced this action correcting some is-

sues underlying the dismissal of their first complaint and naming defendant Town of Oxford Board of Supervisors and defendant Roger Monaco as additional defendants. In October 2010, all defendants except Monaco (hereinafter collectively referred to as defendants) moved to dismiss the complaint against them for failure to state a cause of action (see CPLR 3211 [a] [7]).[1] Plaintiffs cross-moved for a default judgment against defendants, for summary judgment based on the default and for disqualification of defendants' counsel. Supreme Court granted defendants' motion to dismiss and denied plaintiffs' cross motion. Plaintiffs appeal.

Plaintiffs failed to establish that defendants' motion was untimely or that they defaulted. The record contains affidavits of service stating that the complaint was personally served on Moore and Wilcox, individually and in their official capacities, on September 16, 2010. Service upon Wilcox, as Town supervisor, constituted service upon the Town (see CPLR 311 [a] [5]). Defendants' pre-answer motion to dismiss was served on October 6, 2010, the 20th day following service of the complaint, making the motion timely (see CPLR 320 [a]; General Construction Law § 20).[2] Although plaintiffs contend that service was effected on the Town Clerk on behalf of the municipal defendants on September 15, 2010, making defendants' motion one day late, the record does not contain any affidavits of service to substantiate this contention. Thus, Supreme Court properly considered defendants' motion as timely and properly denied the portions of plaintiffs' cross motion seeking to hold defendants in default and for summary judgment based on that default.

Defendants' counsel was not suffering from a nonconsentable conflict due to his joint representation of the municipal defendants and the individual defendants. Although a conflict may arise in the future, depending on how the action is defended, counsel's motion to dismiss the complaint against all of his clients presented a unified front such that no conflict currently exists (see Matter of Galligan v City of Schenectady, 116 AD2d 798, 799 [1986], lv denied 67 NY2d 607 [1986]; see also Public Officers Law § 18 [3] [b]). Accordingly, counsel could represent all of his clients simultaneously.

For the same reasons stated by this Court in affirming dis-

---

1. Monaco separately moved to dismiss the complaint against him. An appeal from the order deciding that motion is decided herewith (Kreamer v Town of Oxford, 96 AD3d 1128 [2012] [decided herewith]).

2. Contrary to plaintiffs' contention before Supreme Court that the motion was not made until filed in the County Clerk's office, defendants' motion is considered to have been made when mailed to plaintiffs' counsel, as such mailing constituted service (see CPLR 2103 [b] [2]; 2211).

missal of plaintiffs' prior complaint, plaintiffs' complaint failed to state a cause of action for negligence or abuse of power (*see Kreamer v Town of Oxford*, 91 AD3d at 1159).[3]

Plaintiffs alleged that they served a notice of claim and complied with their obligations under the General Municipal Law (*see* General Municipal Law §§ 50-e, 50-h, 50-i). Defendants contend that dismissal should result because plaintiffs were required to serve a new notice to reflect changes in their factual allegations, theories and new parties. As the record does not contain a copy of any notice of claim, we cannot determine whether the notice of claim was deficient and, thus, cannot dismiss on that basis.

Plaintiffs' cause of action for a declaratory judgment was untimely. Although defendants did not list the statute of limitations defense on the notice of motion, they did include a general demand for "other, further and additional relief" and their supporting papers and memorandum of law argued that this cause of action should be dismissed because it was not brought within 30 days as required under Town Law § 267-c (1). Supreme Court could consider this defense because the notice of motion contained a general relief clause, it specifically requested dismissal of all causes of action, and the timeliness ground was raised and argued in the motion papers, such that plaintiffs should not have been prejudiced by the omission of a formal demand on the face of the notice of motion (*see Schenectady Intl. v Employers Ins. of Wausau*, 245 AD2d 754, 754-755 [1997]; *HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774, 774 [1991]; *see also Tirado v Miller*, 75 AD3d 153, 158 [2010]). This Court previously affirmed the dismissal of this cause of action on statute of limitations grounds, and we do so again based on the same reasoning (*Kreamer v Town of Oxford*, 91 AD3d at 1158-1159).

Plaintiffs have stated a cause of action under 42 USC § 1983 claiming a deprivation of due process. Plaintiffs alleged that defendants acted in contravention of a local ordinance that grandfathered their property, such that plaintiffs were never required to apply for a building permit. They further argued that the stop work order and unjustified refusal to permit construction constituted an improper taking of their property. In determining whether a cause of action exists, courts can consider affidavits submitted by plaintiffs that remedy any

---

**3.** This determination is made based on the substance of the allegations, not based on res judicata or collateral estoppel grounds. By filing a pre-answer motion that did not raise those defenses, defendants waived them (*see* CPLR 3211 [e]).

defects in the complaint or provide additional information supporting a cause of action (*see Schmidt & Schmidt, Inc. v Town of Charlton*, 68 AD3d 1314, 1315 [2009]; *Haire v Bonelli*, 57 AD3d 1354, 1356 [2008]). An affidavit submitted by plaintiff Michele Kreamer provided information concerning possible malicious intent by defendants to deprive plaintiffs of their property. Considering the allegations liberally, plaintiffs have alleged that they have a cognizable property interest and that the municipal defendants acted "wholly without legal justification" to deprive them of that property (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 627 [2004]; *see Town of Orangetown v Magee*, 88 NY2d 41, 52-53 [1996]). Hence, plaintiffs stated a cause of action for deprivation of due process (*see Matter of Ken Mar Dev., Inc. v Department of Pub. Works of City of Saratoga Springs*, 53 AD3d 1020, 1025 [2008]).

Plaintiffs have also stated a cause of action under 42 USC § 1983 claiming a violation of equal protection. A selective enforcement violation arises where a person is selectively treated differently from others who are similarly situated and "such treatment is based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person" (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d at 631). Here, plaintiffs alleged, as supported by Kreamer's affidavit, that they were treated differently than owners of neighboring properties of similar or smaller size who were issued building permits. Plaintiffs also alleged that defendants retaliated against them for exercising their constitutional rights to express their opinions and seek redress of grievances by filing the first complaint (*compare Matter of Community Related Servs., Inc. v Carpenter-Palumbo*, 84 AD3d 1450, 1454-1455 [2011], *lv denied* 17 NY3d 717 [2011]). Such retaliation included, among other things, digging a trench to prevent access to a nearby roadway and filing unfounded complaints against plaintiffs with Chenango County. Viewing these allegations liberally, plaintiffs have stated a cause of action for a violation of equal protection under 42 USC § 1983.

Lahtinen, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted certain defendants' motion to dismiss the causes of action for deprivation of due process under 42 USC § 1983 and violation of equal protection under 42 USC § 1983; motion denied to said extent; and, as so modified, affirmed.