*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 23, 2017                     523002
_____

TOWN OF TUPPER LAKE,
                    Appellant,

     v
                                             MEMORANDUM AND ORDER

SOOTBUSTERS, LLC, et al.,
                    Respondents,
                    et al.,
                    Defendant.
_____

Calendar Date:  January 18, 2017

Before:  McCarthy, J.P., Garry, Lynch, Devine and Mulvey, JJ.

                    _____


     Lemire, Johnson & Higgins, LLC, Malta (Bradley J. Stevens of counsel), for appellant.

     Law Office of Gerard V. Amedio, Saratoga Springs (Heather S. Odom of counsel), for respondents.

                    _____


Lynch, J.

     Appeal from an order of the Supreme Court (Main Jr., J.), entered June 26, 2015 in Franklin County, which, among other things, denied plaintiff's motion to dismiss defendants' counterclaim.

     Defendants Michael Vaillancourt and Ursula Vaillancourt own property in the Town of Tupper Lake, Franklin County.  In June 2012, the Vaillancourts applied to plaintiff's Planning Board for a special use permit to allow them to construct a two-unit residential structure on the property that included a garage to store equipment used for defendants' business entity, defendant Sootbusters, LLC.  By the June 2012 application, the

Vaillancourts acknowledged that the property was zoned "High Density Residential Special" and that, pursuant to this classification, they were allowed to store up to four commercial vehicles on their lot. Because they also requested to use the building for commercial storage and to conduct some business, the Planning Board referred the request to plaintiff's Zoning Board of Appeals, which approved a use variance "as applied for" in August 2012.

Thereafter, the Vaillancourts sought to amend the existing special use permit to add four additional apartment units. In October 2013, the Planning Board granted the application with the conditions that (1) no more than four commercial vehicles could be stored, parked or garaged on the property and (2) defendants could not store or park construction equipment or trailers on the property. In June 2014, the Vaillancourts installed two 500 gallon fuel tanks for their commercial vehicles and equipment. In response, plaintiff's Code Enforcement Officer served a notice of violation directing the Vaillancourts to remove the fuel tanks and construction equipment that had been observed on the property. When they failed to comply or to appeal the notice of violation, plaintiff commenced this action against, among others, the Vaillancourts and Sootbusters (hereinafter collectively referred to as defendants) seeking a restraining order and a fine. Defendants answered and asserted 10 affirmative defenses and one counterclaim. Plaintiff moved to dismiss the counterclaim pursuant to CPLR 3211 (a) (7) and defendants cross-moved for permission to file a late notice of claim. Supreme Court denied plaintiff's motion and granted defendants' cross motion, and plaintiff now appeals.

"[O]n a motion to dismiss pursuant to CPLR 3211 (a) (7), we must afford the [pleading] a liberal construction, accept as true the allegations contained therein, accord [the defendant] the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable theory" (He v Realty USA, 121 AD3d 1336, 1339 [2014] [internal quotation marks and citations omitted], lv dismissed and denied 25 NY3d 1018 [2015]; see Simkin v Blank, 19 NY3d 46, 52 [2012]). We may consider an affidavit by the claiming party to remedy any defects in the pleading or to provide additional information supporting a cause

of action (see Leon v Martinez, 84 NY2d 83, 88 [1994]; Kreamer v Town of Oxford, 96 AD3d 1130, 1132-1133 [2012]).  "This liberal standard, however, will not save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted by documentary evidence or are inherently incredible" (DerOhannesian v City of Albany, 110 AD3d 1288, 1289 [2013] [citations omitted], lv denied 22 NY3d 862 [2014]).  Here, defendants maintain that they initially obtained a variance "with no conditions" and that the Planning Board's determination to impose conditions in 2013 "constitute[d] official misconduct and fraud."

"The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the [defendant] and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009] [citations omitted]; see DerOhannesian v City of Albany, 110 AD3d at 1292).  A fraud cause of action must be "stated in detail" (CPLR 3016 [b]; see ARB Upstate Communications LLC v R.J. Reuter, L.L.C., 93 AD3d 929, 932 [2012]).  Here, defendants' claim for fraud appears to be based on their belief that the 2012 special use permit was unconditional, such that the Planning Board was not permitted to impose any conditions when it granted the Vaillancourts' application to amend the 2012 special use permit in 2013.  Although no party has submitted a copy of the Town Code, our review of the 2012 application for a special use permit shows the Vaillancourts acknowledged that, with the two apartment units, the Town Code allowed them to park four commercial vehicles on their property.  Defendants' submissions also confirm that in 2013, their amendment was approved subject to a continuation of this condition.  Notably, Michael Vaillancourt was present at the 2013 hearing when the conditions were discussed and approved, defendants do not allege that they relied on any misrepresentation, and defendants never appealed the Planning Board's 2013 determination.  In the absence of any factual support for defendants' bare allegation of fraud, we find that Supreme Court should have granted plaintiff's motion to dismiss this counterclaim.

We further find that Supreme Court should have dismissed defendants' counterclaim to the extent that it alleges "official misconduct" based on the Planning Board's 2013 determination. A government official may face civil liability if a party can prove that he or she was "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" (42 USC § 1983). With respect to zoning issues, "42 USC § 1983 protects against municipal actions that violate a property owner's rights to due process, equal protection of the laws and just compensation for the taking of property under the Fifth and Fourteenth Amendments to the United States Constitution" (Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 626 [2004]). To state a cause of action, defendants must "allege that, without legal justification, they were deprived of a vested property interest, consisting of more than a mere expectation or hope of obtaining a permit or a variance" (Kreamer v Town of Oxford, 91 AD3d 1157, 1160 [2012] [internal quotation marks and citation omitted]). Further, a municipal body may face liability pursuant to 42 USC § 1983 only where the constitutional deprivation stems from an official municipal policy or custom (see Monell v Department of Social Servs. of City of N.Y., 436 US 658, 690-691 [1978]).

Here, defendants never had a permit to allow them to park more than four commercial vehicles on the property or to install fuel tanks to use in association with their commercial operations. Nor do they allege that they had a vested property interest in such a special use permit (see Eagles Landing, LLC v New York City Dept. of Envtl. Protection, 75 AD3d 935, 939 [2010], lv denied 16 NY3d 710 [2011]). Moreover, defendants' submissions fail to establish that the Planning Board's discretionary determination to impose conditions on defendants' special use permit "rose to the level of a constitutional violation, i.e., that they were so outrageously arbitrary as to constitute a gross abuse of governmental authority . . . that would support a claim pursuant to 42 USC § 1983" (Matter of Loudon House LLC v Town of Colonie, 123 AD3d 1406, 1408-1409 [2014] [internal quotation marks and citations omitted]; see Kreamer v Town of Oxford, 91 AD3d at 1160). Even accepting as true that one Planning Board member stated that he wanted to "make an example" of defendants, defendants did not allege, nor does the record support a claim, that this motivation resulted

from official municipal policy or custom (see Monell v Department of Social Servs. of City of N.Y., 436 US at 690-691).

In light of the foregoing, we find that Supreme Court should have denied defendants' cross motion for leave to file a late notice of claim.

McCarthy, J.P., Garry, Devine and Mulvey, JJ., concur.


ORDERED that the order is reversed, on the law, without costs, plaintiff's motion granted, defendants' cross motion denied and counterclaim dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court