Howard A. Zeller, J.
By this article 78 proceeding petitioners seek a judgment decreeing that section 66-17 of the Municipal Code of the City of Cortland (being part of Part VI, Planning and Zoning, thereof) is unconstitutional or otherwise inapplicable to petitioners’ property. Petitioners further ask that the Assessor of the City of Cortland be directed to issue the necessary permits for the construction of a new automobile filling station to replace petitioners’ existing station located at the southeast corner of the intersection of Main and Port Watson Streets in the City of Cortland.
Petitioner L. F. Letts & Son, Inc., owns the subject premises, which has a frontage on Main Street of approximately 140 feet and on Port Watson Street of approximately 90 feet. The premises is improved by a gasoline service station which has been in continuous operation in its present structure for many years. This building and its use predate the enactment of the Planning and Zoning Ordinance of the City of Cortland (Part VI of the Municipal Code) in January, 1954. The filling station is now under lease to the petitioner Shell Oil Company for a term of 15 years commencing May 1, 1964, with renewal options up to an additional 15 years.
The provisions of section 66-17 were enacted by the Cortland Common Council as an amendatory addition dated May 2, 1961 to the Supplementary Regulations of the Zoning Ordinance, and in conjunction with amended section 63-2 obviously were intended to replace then existing regulations governing filling stations.
Under section 66-17 (a) “no * * * gasoline filling station or battery or tire service may be erected, altered or reused, after a period of one year of vacancy ® ® without first obtaining a permit from the Common Council.’’
Subsection (c) of section 66-17 provides that “ Notwithstanding anything to the contrary in this section, no * * * gasoline filling station or battery or tire service may be erected, extended, or reused in the event said use is or becomes a nonconforming use as a result of this section, in the following districts: R-l, R-2, B-l.”
Subparagraph (b) of section 66-17 provides that a petition for erection or alteration, or reuse after a one-year period of vacancy of a filling station (see §§ 67-3, 67 — 4 as amd. Dec. 16, 1958 and § 67-7 of the ordinance) shall be presented to the Common Council which shall refer the petition for study and recommendations back to the Planning Commission and the Zoning Board of Appeals.
*242 Minimum standards are established under section 66-17 for review by the Zoning Board of Appeals (but not for that by the Planning Commission) and its negative recommendation to the petition for a permit to erect, alter or reuse can only be overridden by a two-thirds vote of the Common Council. A favorable recommendation of the Board of Appeals does not similarly circumscribe Council action.
This application for a reconstruction permit under section 66-17 was favorably reported on by the Board of Appeals, but was denied by the Council as the effect of a 3-3 vote. The application was made under the express reservation of petitioners’ contention that no such permit from the Council was required as a condition precedent to the proposed reconstruction.
Petitioners claim that section 66-17 pertains by its own definition only to gasoline filling stations in B-l, B-2 and B-l Districts, and has no relevance to this station, which has always existed rightfully in a B-2 District as a conforming use (see § 67-8) requiring no special permit from the Council to rebuild.
Although the zoning map places the subject premises in a B-2 (General Business) District, filling stations are not listed as a permitted use in such a district, but rather were listed as a permitted use in B-l (Neighborhood Business) Districts under section 63-2 (h) of the ordinance. By ordinance amendment dated May 2,1961, filling stations were dropped from the list of permitted uses in a B-l District.
Petitioners raise no objections to the manner of the enactment of the amendatory section 63-2 governing B-l Districts.
The initial ordinance pertaining to B-2 Districts remains unchanged since its enactment, and permitted uses therein pertinent to this proceeding include (§ 64-2 [a]) “ Any use permitted in * * * B-l Districts ” and (§ 64-2 [e])“ Public garages, automobile parking lot, automobile repair garages, motor vehicle sales rooms, and utility service buildings and garages.”
The existence of a filling station as a permitted use in a B-2 District derived from its permitted status in a B-l District prior to May 2, 1961, and appears to have been abrogated by the B-l District ordinance amendments of that date. (See § 66-17 [c] and § 63-2 of the ordinance.)
It thus appears that the removal of filling stations from the list of permitted uses under amended section 63-2 (governing B-l Districts), made all filling stations in the City of Cortland, including the subject station, nonconforming uses wherever situated with the possible exception of Industrial Districts. (Interpretation relative filling .stations of section 65-2 of the ordinance governing Industrial Districts is not here in issue.)
*243 Petitioners argue that section 66-17, passed by the Common Council of the City of Cortland in 1961 as an amendatory control of gas stations under the Zoning Ordinance, is invalid because prior to its enactment no report and recommendation thereon in the form enacted ever was made to the Council by the Board of Appeals as required by section 60-9 of the ordinance governing amendments. Since the oral argument additional exhibits on this point have been tendered by respondents to the court. But even with these additional exhibits, it still does not appear that the ordinance in the form enacted was ever before the Board of Appeals and reported by it back to the Common Council.
Zoning ordinances must be strictly construed in favor of property owners because such ordinances are in derogation of common-law property rights. Section 60-9 of this ordinance requiring proposed amendments to be submitted to the Board of Appeals for prior report and recommendation is not a mere procedural technicality but rather a condition precedent to action by the Council which may only override an adverse recommendation of the board by a two-thirds vote of the Council. (Cf. Matter of Little v. Young, 299 N. Y. 699; Matter of Incorporated Vil. of Farmingdale v. Inglis, 17 A D 2d 655.)
Thus the failure of this Council to conform with the requirements of its own legislation regarding amendments (§ 60-9) renders section 66-17 void.
It therefore appears that no special permit of the Council is required to enable petitioners to rebuild. Petitioners have secured the approval of reconstruction plans by the Board of Appeals required by section 66-2 as a prerequisite to issuance by the Assessor of the necessary permits for reconstruction. Prior to the attempted enactment of section 66-17, petitioners would have been entitled as a conforming use to these permits as a matter of right; with the invalidation of section 66-17 both the prior use status and the right remains. (See Matter of Little v. Young, 274 App. Div. 1005, affd. 299 N. Y. 699.)
The Assessor of the City of Cortland should be directed forthwith to issue the permits necessary to remove petitioners’ existing station and construct a replacement in accordance with the plans heretofore approved by the Board of Appeals under section 66-2.
Petitioners’ prayer for a permanent injunction against respondents’ enforcement against them of section 66-17 of the Municipal Code should be granted. No costs are awarded.