Marshall E. Livingston, J.
This proceeding seeks a finding that the respondents, as a matter of law, erred in determining that petitioners do not come within the purview of 1 ‘ photographic studios ”, as set forth in section 2.130 of the Zoning Ordinance of the City of Auburn, New York.
Mr. Grlundal is customarily employed by an advertising agency or his customer directly to prepare negatives for use in making up their ads for magazines and all types of advertising media. He actually photographs a picture of the object or product the advertiser or customer wishes to use for promotional purposes and supplies the color negative which is then used by the printer.
This is a specialized and technical process. The respondents having admitted paragraph seventh of the petition in their answer, I quote from said paragraph for a description of the process: “ The customer provides a picture which he wishes to have reproduced by a printer and your petitioner makes a transparent film of the size indicated by the customer. *806 This film is then exposed to another film, but in the process ALL light is excluded, except the basic color of yellow and a new negative made, which simply indicates the yellow component of any particular picture. This is repeated with the blue component, the red component and the black component of any particular picture, thus making, four (4) separate negatives of the original transparent negative. These negatives in turn, are reproduced on another negative, which has been prepared for use in the printing industry. Such negative is then sold to the customer or the printer as the case may be.
“ The printer will use the negatives so produced, called ‘ screens ’ by exposing them to a plate suitable for use in a printing press and which plate has been sensitized to light, so that the plate itself becomes the final picture, but this plate is produced by the printer and not by your petitioners. The plate is then ready for attachment to the printing press and the usual printing processes are then followed in reproducing the original picture in color.”
Mr. E. Paul Flynn, who resides at 2 Fitch Avenue, nearly across the street from the subject property, was permitted without objection to intervene in the matter as an interested party to oppose the application.
The application by petitioners to the Zoning Board of Appeals of the City of Auburn in the first instance requested ‘ ‘ an interpretation of the zoning law ” as to section 2.130, which reads as follows: “ Professional Office. Professional offices shall include the office of a physician, dentist, optometrist, minister, architect, landscape architect, city planner, engineer, insurance man, realtor, accountant, lawyer, author, podiatrist, osteopathic physician, physiotherapist or chiropractor, photographic studios.”
The City Building Inspector asked for an opinion from the City Planning Director for an interpretation of the term “photographic studio” insofar as it applied to petitioners’ business. The Building Inspector in effect initiated the appeal to the Zoning Board in a letter dated January 6, 1972, when he said in part: “I have neither approved nor denied the permit, but am forwarding it to you for your interpretation of the term ‘ photographic studio ’ as there seems to be some question as to whether this type of photographic operation would apply.
“According to Mr. James Carr, Director of the Planning Board, his interpretation was that it would not apply. Mr. Richard Gleason, Attorney, maintains that it does apply.”
*807 An appeal by petitioners to the zoning board, dated January 5, 1972 was filed, and a hearing was held January 24, 1972. A letter from the Chairman of the board dated January 26, 1972 concluded: “ That the interpretation of photographic studio as contained in Section 2.130 of the Zoning Ordinance was not sufficiently broad as to include the type of operation which you intended to conduct on the said premises. The Board regrets that this decision has to be made, but feels that the business which you are conducting could not justifiably be included under the professional office category as requested.”
I do not consider this a case where “ Findings ” were required (cf. Anderson, Zoning Law and Practice in New York State, pp. 667-670).
This appeal in my judgment seeks to review an interpretation of what the zoning ordinance encompassed when it allowed a ‘ ‘ photographic studio ” to be included as a permitted ‘ ‘ professional office ’ ’ in the R-2 zone wherein petitioners ’ property is located. Although evidence was taken at some length before the Board of Appeals, I do not deem, and counsel concur, that this is a matter of ‘ ‘ whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence” (CPLR 7803, subd. 4). In such event the matter must be referred forthwith to the Appellate Division (CPLR 7804, subd. [g]).
The determination of the meaning of a descriptive term in an ordinance may be dealt with as a matter of law.
In the first place, “ zoning ordinances must be strictly construed in favor of property owners because such ordinances are in derogation of common-law property rights ” (Matter of Letts & Son v. City of Cortland, 47 Misc 2d 240, 243). (See, also, Matter of Sibarco Stations v. Town Board of Vestal, 29 A D 2d 907; Anderson, Zoning Law and Practice in New York State, supra, pp. 435-436.)
Next, the respondents claim, and the intervenor urges, that the intent of the city when the zoning ordinance was passed limited “ photographic studios ” to the business of taking pictures of persons and events. No such intent can be spelled out from the ordinance. Photographic studios are mentioned either expressly or included within the definition of a “ professional office ” (§ 2.130) by reference at least three times in different use classes throughout the ordinance (Use Class 10, Customary Uses and Essential Services; Use Class 4, Limited Commercial; Use Class 6, Central Commercial).
*808 The city could have used appropriate language in the ordinance to restrict “ photographic studios ” to those taking pictures of persons or groups. It chose not to do so.
The petitioners’ business here is indeed photography, albeit it is a very sophisticated form thereof. No nuisance is alleged, nor has any been shown in the operation of the business.
Therefore, I hold that the respondents did not apply the fair intendment or scope of the term ‘ ‘ photographic studio ’ ’ in interpreting the zoning ordinance. Absent any limiting, explanatory or appropriate language in the ordinance to guide the Board of Appeals in its interpretation of the ordinance in this case, it should have declared the term ‘ ‘ photographic studio ” included petitioners’ proposed use and directed the building inspector to issue the permit (cf. Anderson, Zoning Law and Practice in New York State, pp. 435-436, and cases cited therein).