Argued January 20, reversed and remanded March 31,
reconsideration denied May 7, petition for review denied
May 28, 1975

MARGGI ET AL, *Appellants, v.* RUECKER ET AL
(No. 33-367), *Respondents.*
533 P2d 1372

W. *Louis Larson,* Hillsboro, argued the cause and filed the brief for appellants.

*Joe D. Bailey,* Hillsboro, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

The question presented by this appeal is: Is an amendment of a comprehensive land use plan as it affects a single small parcel of property "judicial" as distinguished from "legislative" as those words are used in *Fasano v. Washington Co. Comm.,* 264 Or 574, 507 P2d 23 (1973)? As we interpret *Fasano,* such an amendment is judicial.

The city of Hillsboro owns a 5.29-acre tract of land which is currently used by the city as a park. Hillsboro's comprehensive long-range land use plan designates the tract for use as a park. Hillsboro's current zoning ordinance designates the tract as residential. The Hillsboro city council decided that the tract was not and would not in the future be suitable for use as a park, and decided that its best present and future use was for commercial purposes.

Rather than proceeding directly to change the zoning of the tract, the council decided that the first step should be to amend the comprehensive plan to change the designation of the tract in the plan from "park" to "commercial."① It did so following a legislative as distinguished from a judicial-type hearing as those terms are defined in *Fasano*.

Petitioners, residents of Hillsboro, in a writ of review proceeding, sought to have the council's action set aside for various reasons, including the fact that the council's action was not preceded by a judicial-type hearing. The circuit court denied review because it viewed the council's action as "* * * a political and legislative matter not reviewable by this court."

To hold that the council's action in changing the comprehensive plan as it relates to a single small tract of land was legislative rather than judicial would effectively negate the primary holding of *Fasano*. As *Fasano* states:

> "* * * Although we are aware of the analytical distinction between zoning and planning, it is clear that under our statutes the plan adopted by the planning commission and the zoning ordinances enacted by the county governing body are closely related; both are intended to be parts of a single integrated procedure for land use control. The plan

---

① It is not necessary for us to here decide whether an amendment of a zoning ordinance changing the permitted use of a specific tract of land to a use in conflict with that contemplated by the plan must always be preceded by an amendment of the plan. For certainly, even if such is not required, there is nothing improper about doing so and thereby keeping the comprehensive plan current. Nor is it necessary for us to decide whether or not in such an instance, if the intent is that both the plan and the zoning ordinance are to be amended at approximately the same time, there is any good reason why a single judicial-type hearing would not suffice for both amendments.

embodies policy determinations and guiding principles; the zoning ordinances provide the detailed means of giving effect to those principles." 264 Or at 582.

*Fasano* goes on to state:

"* * * The more drastic the change, the greater will be the burden of showing that it is in conformance with the comprehensive plan as implemented by the ordinance, that there is a public need for the kind of change in question, and that the need is best met by the proposal under consideration. As the degree of change increases, the burden of showing that the potential impact upon the area in question was carefully considered and weighed will also increase * * *." 264 Or at 586.

■■ The clear import of the latter passage from *Fasano* is that he who seeks a change of the existing permitted use of a specific tract of land to a use different from the use contemplated by the comprehensive plan has a far greater burden of proof than does he who seeks permission to use such a tract in the manner contemplated by the comprehensive plan. Thus to allow the city of Hillsboro to change the plan with regard to the tract here in question without the safeguard of a judicial-type hearing would be to give the city the right to change the permitted use without assuming and meeting the full burden of justification required by *Fasano* as a prerequisite to such a change.

It follows that when the issue before a governmental body is a proposed change of the permitted use of a specific small parcel of land, that issue can be resolved only by the application of the standards of proof and public interest enunciated in *Fasano* and this must be done in the manner prescribed by *Fasano* —that is, a judicial-type hearing.

■ We emphasize that the issue here involves changing the permitted use of a single specific tract of land as distinguished from changing the permitted use of a large body of land comprised of many tracts held by different ownerships. When the latter is the case, the required proceedings are legislative in nature as distinguished from judicial, regardless of whether the proceedings involve Step 1, changing the plan, or Step 2, changing the zoning ordinance. *See, Culver v. Dagg,* 20 Or App 647, 532 P2d 1127 (1975).

Reversed and remanded.

THORNTON, J., dissenting.

The main conclusion reached in the majority opinion is that whenever any proceeding to change a comprehensive plan affects a single parcel of real property, as distinguished from numerous parcels, a judicial-type administrative hearing is required.

It is my view that the majority has erred in accepting petitioners' argument that *Fasano v. Washington Co. Comm.,* 264 Or 574, 507 P2d 23 (1973), requires this. I believe that the holding of the majority represents a misapplication of *Fasano* for two reasons:

In the first place a proceeding to change a comprehensive plan of a city or county is not adjudicatory in nature. It is preliminary only. An examination of the authorities and the decided cases in other jurisdictions indicates that it is well settled that a public body vested with zoning powers is entitled to make appropriate changes in its comprehensive plan wherever and whenever circumstances warrant such action so long as the same is done in the manner provided by law. The true nature of a plan-change pro-

ceeding, which is what we are dealing with here, is described in 3 Anderson, American Law of Zoning 307, § 17.15 (1968), in the following terms:

> "A comprehensive plan is not prepared and adopted primarily with a view to its legal impact upon the right to use land. Such a plan, whether it is adopted by a planning commission or by a municipal legislative body, is a guide to community development rather than an instrument of land-use control. * * *"

A judicial-type hearing should therefore not be required for a preliminary and nonadjudicatory proceeding.

Second, these petitioners will receive a judicial-type hearing at the next stage of the proceedings, viz., at the zone-change hearing. Due process does not require that objecting property owners be accorded two consecutive judicial-type administrative hearings on substantially the same issue. *See, West v. City of Astoria,* 18 Or App 212, 524 P2d 1216 (1974). The effect of the majority opinion is to burden the zoning process with an additional, duplicative judicial-type hearing.

As I view petitioners' main contention in the light of the above analysis, it appears to me that petitioners' challenge is premature. Petitioners are endeavoring to convert a plan-change proceeding into a zone-change proceeding, and are demanding that respondents follow zone-change procedures to accomplish any change in the comprehensive plan affecting only a single parcel.

Petitioners' real challenge to the city's proposed action is to the second step rather than the first. It is at the next stage of the proceedings, viz., the zone-

change application, that the actual land-use decision will be considered and decided.

Following the rationale of our recent decisions in *Mar. Fire Dist. v. Mar. Polk Bndry,* 19 Or App 108, 526 P2d 1031, Sup Ct *review denied* (1974), and *Millersburg Dev. Corp. v. Mullen,* 14 Or App 614, 514 P2d 367 (1973), Sup Ct *review denied* (1974), I would conclude that the action of the Hillsboro City Council in undertaking to change its comprehensive plan was quasi-legislative in character rather than quasi-judicial in the special sense that those terms are defined in *Fasano.*

One further issue should be mentioned.

Petitioners also alleged in their petition that respondents, in making the subject change, did not follow the amendment procedures prescribed in the "Hillsboro Comprehensive Plan" itself. For reasons which follow, I would agree with this contention, if there is evidence to support those allegations. It is of course true as a general rule that a public body is required to follow its own rules. This rule extends to planning and zoning matters. As the court held in *L. F. Letts & Son, Inc. v. City of Cortland,* 47 Misc2d 240, 262 NYS2d 294 (1965), a municipal legislative body must follow the procedural requirements of its own land-use legislation; failure to comply with such requirements renders its legislation invalid. *Accord: Dalton v. City & County,* 51 Hawaii 400, 462 P2d 199 (1969), where ordinances purporting to amend a general plan for the city and county were held void for failure to comply with the safeguards specified by the charter for amending the plan.