■ In the Matter of JEFFREY LANGER et al., Appellants, v LYLE RAYMOND et al., Constituting the Zoning Board of Appeals of the Town of Groton, et al., Respondents. [699 NYS2d 831] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Rumsey, J.), entered June 15, 1998 in Tompkins County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the Town of Groton requiring petitioners to obtain site plan approval and a special use permit prior to conducting their restaurant business.

This appeal brings on for review several issues—namely, (1) the validity of the interpretation by the Zoning Board of Appeals of the Town of Groton (hereinafter the Board) of the Town of Groton Land Use and Development Code, pursuant to which petitioners were required to submit their proposed use of the subject property to site plan review, (2) whether Supreme Court properly deferred to the Board's interpretation of the Town's Land Use and Development Code in concluding that the Board's determination was supported by substantial evidence and was not arbitrary, and (3) whether this appeal is moot in view of the grant of site plan approval subsequent to the filing of the notice of appeal.

Petitioners are leaseholders of property formerly operated as a restaurant which has been vacant for several years. Petitioners were advised by the Town Code Enforcement Officer that site plan approval would be required (contrary to the opinion rendered earlier by him) and petitioners were ordered by him to cease and desist use of the property until such approval was granted. The Board denied petitioners' appeal, finding that site plan review and a special use permit were required prior to the operation of the premises as contemplated by petitioners. The Board therefore sustained the order of the Town Code Enforcement Officer to cease and desist.

Petitioners commenced this CPLR article 78 proceeding to

review the Board's determination and Supreme Court denied petitioners' challenge, finding the Board's decision not to be arbitrary or capricious and to be supported by substantial evidence. A judgment to that effect was entered from which petitioners appeal.

Addressing the issue of mootness, we find that the subsequent grant of site plan approval does not make the issues raised by petitioners moot. The specifics of the site plan approval are not set out and are subject to conjecture at this point. It is unclear whether the approval was granted without any limitation to the adult entertainment petitioners propose to present at the premises. If the right to provide entertainment is subject to restriction, as it appears to be, the question of whether petitioners needed site plan approval at all becomes significant to the resolution of their contention that they have vested rights to unrestricted use of the property.

It is petitioners' contention that no site approval needed to be obtained prior to use of the premises as an eating and drinking establishment where the property had been used for the same purpose in the past and where, they contend, no development of the site was undertaken by them. Accepting the legal premise that a zoning board decision that has a rational basis and is supported by substantial evidence will not be disturbed (*see, Matter of Khan v Zoning Bd. of Appeals*, 87 NY2d 344, 351), we turn to the record for an examination of the underlying facts.

The subject property is located in a "Medium Intensity One District (M1)", a predominantly residential area but one in close proximity to nonresidential areas. Pursuant to Town of Groton Land Use and Development Code § 441.1 (a), site plan review and a special use permit (showing compliance with a site plan review) are required before development is allowed. Development is defined as *"[a]ny change* made to improved or unimproved real estate, including to buildings or other structures, or *site modifications* such as filling, paving, excavation or mining operation [emphasis supplied]" (Town of Groton Land Use and Development Code § 120).

The Board concluded that the occupation of the vacant building and the reuse of the building for a drinking and eating establishment constituted a change. We note, too, that the hearing record contains testimony from several sources that a contractor's vehicle was parked outside the premises for several months. This supports the conclusion that site modifications had occurred. Petitioners did not confront or dispute this revelation.

We note also that Town of Groton Land Use and Development Code § 341, entitled "Land Use Activities", enumerates the use activities permitted in a particular zoning district. When an asterisk appears next to a particular activity, it indicates that site plan review is required. Included in that category is an "[e]ating and drinking establishment" in the M1 district where the instant property is located. We find that the Board's conclusion that a change occurred here when petitioner attempted to use the instant premises as a drinking and eating establishment after many years of disuse should be affirmed as rational and supported by substantial evidence.

Based on the record and on the Board's interpretation of the zoning ordinance, we conclude that its determination is rational and supported by substantial evidence. Supreme Court's judgment dismissing the petition should accordingly be affirmed.

Yesawich Jr. and Carpinello, JJ., concur.

Mercure, J. (dissenting). We respectfully dissent. Based upon our reading of the decision of the Zoning Board of Appeals of the Town of Groton (hereinafter the Board), which required petitioners to obtain site plan approval and a special permit as a condition precedent to their proposed operation of an "eating and drinking establishment" in a "Medium Intensity One District (M1)" of the Town, we believe that the only issue for our consideration is whether the Board acted rationally in its determination that the reestablishment of a prior use following a period of inactivity constitutes "development" as that term is defined in Town of Groton Land Use and Development Code § 120. Because we are of the view that the Board's interpretation was irrational, we would reverse Supreme Court's judgment and grant the petition.

Although a zoning board's construction of the governing zoning ordinance is generally to be afforded "great weight and judicial deference" (*Matter of Trump-Equit. Fifth Ave. Co. v Gliedman*, 62 NY2d 539, 545; *see, Appelbaum v Deutsch*, 66 NY2d 975, 977), no such deference is required where the question is one of pure legal interpretation (*see, Matter of Teachers Ins. & Annuity Assn. v City of New York*, 82 NY2d 35, 41-42; *see also, Matter of New York Botanical Garden v Board of Standards & Appeals*, 91 NY2d 413, 419; *Matter of Toys "R" Us v Silva*, 89 NY2d 411, 419). In determining which standard of review to apply, the court's inquiry must focus on the question of whether the Board's analysis was primarily fact-based and, as such, "one that will clearly benefit from the expertise of specialists in land use planning" (*Matter of New York Botani-*

*cal Garden v Board of Standards & Appeals, supra,* at 420).
Engaging in such an inquiry, the Court of Appeals has held
that a determination as to whether a restaurant was of
" 'special historical or aesthetic interest' " warranted deference
to the expertise of the agency but that one as to whether the
restaurant was " 'customarily open or accessible to the public' "
was "a matter of pure legal interpretation as to which no defer-
ence [was] required" (*Matter of Teachers Ins. & Annuity Assn.
v City of New York, supra,* at 42; *see, Matter of New York
Botanical Garden v Board of Standards & Appeals, supra,* at
420-421 [question of whether a radio station of a particular
size and power with a 480-foot tower was one "customarily
found" on a college campus held to constitute a fact-based de-
termination entitled to deference]).

Town of Groton Land Use and Development Code § 120
defines "development" as: "Any change made to improved or
unimproved real estate, including to buildings or other
structures, or site modifications such as filling, paving, excava-
tion, or mining operations". Focusing primarily (if not
exclusively) on the words "[a]ny change" and reasoning that
the reestablishment of an abandoned business constitutes "a
change of use", the Board came to the conclusion that
"development" necessarily "includes a change in the use of real
estate from vacant/abandoned to an active land use". Thus, de-
spite the absence of any consideration of the site features of
the premises or finding that there had been a physical
alteration of any kind, the Board determined that
"development" had nonetheless occurred.

The process employed by the Board in rendering its interpre-
tation, devoid as it was of any reasoned consideration of the
particular facts or circumstances underlying petitioner's ap-
plication, begs the conclusion that the inquiry was neither fact-
based nor one requiring the application of any particular
expertise. It is therefore our opinion that the Board's interpre-
tation is entitled to no deference and that we are free to
construe the ordinance according to its plain terms (*see, Matter
of Teachers Ins. & Annuity Assn. v City of New York, supra,* at
43-44). Reaching that conclusion practically ends the inquiry
because the clear and unambiguous language of the ordinance
provides essentially no support for the Board's interpretation.

Obviously, the words "[a]ny change" cannot be considered in
a vacuum, but must be construed in relation to the balance of
section 120 and, in fact, the entire Town of Groton Land Use
and Development Code (*see,* McKinney's Cons Laws of NY,
Book 1, Statutes §§ 97, 98, 231, 238, 239). Thus, "[a]ny change"

must be read in conjunction with and limited by the words that immediately follow them, i.e., "made to improved or unimproved real estate, including to buildings or other structures", which in combination require some physical alteration or improvement to real property or fixtures (*see*, Mc-Kinney's Cons Laws of NY, Book 1, Statutes § 239 [a]). Further, because it is the "development" of real property that triggers the requirement of site plan review, the definition of "development" must be considered in connection with the provisions of the ordinance relating to site plan review. Notably, Town of Groton Land Use and Development Code § 441.3, which delineates the information that must accompany an application for preliminary site plan approval, and § 441.4, which defines the scope of review, deal exclusively with physical features of the property and improvements under review, thereby leading to the inescapable conclusion that a mere reestablishment of an abandoned use would give the Board nothing to consider in connection with its site plan review.

For the foregoing reasons, it is our view that the term "development", as defined in Town of Groton Land Use and Development Code § 120, necessarily involves some physical modification or alteration to real property and that the Board's contrary construction should be set aside as irrational.

Crew III, J., concurs. Ordered that the judgment is affirmed, without costs.