Clark, J.
Appeal from an order and judgment of the Supreme *1407 Court (Devine, J.), entered August 20, 2013 in Albany County, which dismissed petitioners’ application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, review a determination of respondent Town Board of the Town of Colonie enacting Local Law No. 5 (2012) of the Town of Colonie.
Petitioner Loudon House LLC acquired certain real property in the Town of Colonie, Albany County, upon which it wished to build a 24-unit condominium development. The property was zoned for single family residential use and, in 2007, Loudon House sought to have the property rezoned and placed in a planned development district where the project would constitute a permissible use. Respondent Town Board of the Town of Colonie approved the rezoning by way of Local Law No. 12 (2007) of the Town of Colonie, but conditioned the approval upon the property being “developed as a multi-family complex with no more than 24 residential condominium apartment units in 1 building.” Petitioner BCI Construction, Inc. obtained a building permit for the project and commenced construction in 2008. The financing for the project evaporated in the wake of the global financial crisis that year, however, and construction ground to a halt with the building being far from complete.*
The prolonged inactivity at the construction site drew the ire of neighbors and, in June 2012, the Town Board conducted a public hearing to consider its legal options, which included rescinding the property’s planned development district designation. BCI Construction successfully applied for a new building permit in July 2012, allegedly as a prelude to obtaining new financing to complete the project. A skeptical Town Board continued to explore the possibility of restoring the property’s original zoning and, after a public hearing conducted later in July 2012, the Town Board did just that by enacting Local Law No. 5 (2012) of the Town of Colonie (hereinafter Local Law No. 5). Petitioners thereafter commenced this combined CPLR article 78 proceeding and action for declaratory judgment, seeking, among other things, to annul Local Law No. 5. Respondents served an answer and further moved to dismiss the proceeding. Supreme Court dismissed the petition and declared Local Law No. 5 to be valid, prompting this appeal.
*1408 We initially agree with petitioners that Local Law No. 5 must be annulled. “Zoning regulations, being in derogation of the common law, must be strictly construed against the municipality which has enacted and seeks to enforce them” (Matter of Hess Realty Corp. v Planning Commn. of Town of Rotterdam, 198 AD2d 588, 589 [1993] [citations omitted]; accord Matter of Albany Basketball & Sports Corp. v City of Albany, 116 AD3d 1135, 1137 [2014], lv denied 23 NY3d 907 [2014]). The Town Board was therefore obliged to “comply with its own procedural rules regarding enactment of the zoning ordinance” in making amendments to that ordinance (Matter of Sibarco Stas. v Town Bd. of Vestal, 29 AD2d 907, 908 [1968], revd on other grounds 24 NY2d 900 [1969]; see Town Law § 264 [1]; Matter of L.F. Letts & Son v City of Cortland, 47 Misc 2d 240, 243 [1965]). Chapter 190 of the Code of the Town of Colonie (hereinafter referred to as Colonie Land Use Law) governs the creation and rescission of planning development districts, and Local Law No. 12 (2007) of the Town of Colonie was enacted pursuant to its terms (see Colonie Land Use Law § 190-65 et seq.). As is relevant here, Colonie Land Use Law § 190-72 permits the Town Board to rescind a planned development district and restore a property to its prior zoning under limited circumstances. The Town Board did not make the factual findings required by section 190-72, however, and the Town Attorney made clear that the Town Board was not relying upon that section in enacting Local Law No. 5. Respondents now argue that the facts of this case permitted the Town Board to rely upon section 190-72. The fact remains that the Town Board did not, however, and “a court reviewing an administrative determination must judge the propriety of such action solely on the grounds invoked by the agency, and if those grounds are inadequate or improper, the court is powerless to confirm on grounds it deems adequate or proper” (Matter of Berchielli v Zoning Bd. of Appeals of Town of Westerlo, 202 AD2d 733, 734 [1994], lv denied 83 NY2d 757 [1994]; see Matter of Friends of the Shawangunks, Inc. v Zoning Bd. of Appeals of Town of Gardiner, 56 AD3d 883, 884 [2008]). Thus, the Town Board acted in an arbitrary and capricious manner by disregarding the provisions of the Colonie Land Use Law in enacting Local Law No. 5, and the law cannot be sustained (see Matter of L.F. Letts & Son v City of Cortland, 47 Misc 2d at 243; see also Matter of Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO v State of New York, 229 AD2d 286, 291 [1997], lv denied 90 NY2d 807 [1997]).
We next consider whether petitioners stated a claim for damages premised upon respondents’ violation of 42 USC § 1983. Petitioners specifically assert that respondents violated their *1409 federal constitutional rights to substantive due process and equal protection (see US Const 5th, 14th Amends). With regard to petitioners’ due process claim, it must be shown that petitioners have “a vested property interest” impinged upon by Local Law No. 5 and that the law’s passage “was wholly without legal justification” (Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 627 [2004]). Petitioners allege, and we will assume, that Loudon House has a vested property interest that was impacted by Local Law No. 5. That being said, the petition/complaint does not allege, and nothing in the record suggests, that the actions of the Town Board rose to the level of a constitutional violation, i.e., that they were “so outrageously arbitrary as to constitute a gross abuse of governmental authority” (Natale v Town of Ridgefield, 170 F3d 258, 263 [2d Cir 1999]). Accordingly, the Town Board did not engage in the type of “egregious conduct” that would support a claim under 42 USC § 1983 (Bower Assoc. v Town of Pleasant Val., 2 NY3d at 630; see Harlen Assoc. v Incorporated Vil. of Mineola, 273 F3d 494, 505 [2d Cir 2001]; Kreamer v Town of Oxford, 91 AD3d 1157, 1160 [2012]).
Turning to the purported Equal Protection Clause violation, petitioners do not assert that they are members of a suspect class or that they have been deprived of a fundamental right. Accordingly, a violation of their right to equal protection will not support a claim for damages unless they were treated differently from similarly situated entities due to a “malicious or bad faith intent to injure” on the part of respondents (Bower Assoc. v Town of Pleasant Val., 2 NY3d at 631). Petitioners did not allege the existence of such an intent in their petition/complaint, and it cannot be inferred from the proof in the record (see Harlen Assoc. v Incorporated Vil. of Mineola, 273 F3d at 500-503; Bower Assoc. v Town of Pleasant Val., 2 NY3d at 632). Thus, Supreme Court properly dismissed those claims founded upon 42 USC § 1983.
To the extent that petitioners’ remaining contentions have not been rendered academic in light of the foregoing, they have been considered and found to be lacking merit.
McCarthy, J.P., Garry and Lynch, JJ., concur.
Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as declared Local Law No. 5 (2012) of the Town of Colonie to be valid; petition granted to that extent and Local Law No. 5 (2012) of the Town of Colonie is declared invalid and is annulled; and, as so modified, affirmed.

 At oral argument, the parties disclosed that the project had been completed and some of the units were occupied. Notwithstanding those facts, because issues remain as to the permissible future uses of the property under the terms of another local law enacted in 2012 and whether petitioners are entitled to damages pursuant to 42 USC § 1983, we agree with petitioners that the present appeal is not moot (see e.g. Matter of Longer v Raymond, 267 AD2d 790, 791 [1999]).