■ In the Matter of TRAVEL HOUSE OF BUFFALO, INC., Respondent, v. EDWARD A. GRZECHOWIAK, as City of Buffalo Director of Licenses, et al., Respondents, and VAN DYKE TAXI & TRANSFER CO., INC., Appellant.— Order unanimously reversed, without costs of this appeal to any party, and motion denied, without costs. Appellant Van Dyke may serve an answer containing the proposed affirmative defense within 10 days after service of a copy of this order and notice of entry thereof. Memorandum: We refer to our memorandum in companion case of *Matter of Travel House of Buffalo* v. *Grzechowiak* (25 A D 2d 492) decided herewith. In addition it should be observed that under the proposed answer the character of the president of the petitioner may come into question. Character of an applicant is a very important matter for consideration in the licensing of taxi cabs in a large city. (Appeal from order of Erie Special Term denying motion of defendant to amend the answer to include new defenses.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.

■ WESTERN STONE PRODUCTS CORP., Appellant, v. TOWN BOARD OF THE TOWN OF LOCKPORT et al., Respondents.— Judgment and order unanimously modified in accordance with memorandum and as modified affirmed, without costs of this appeal to any party. Memorandum: The Building Inspector of the Town of Lockport issued building and excavation permits which were revoked on the ground, among others, that the zoning ordinance prohibited the intended use of the area involved without a permit from the Board of Appeals. Plaintiff sought a declaration that the permits were valid; that the purported revocations of the permits by the Building Inspector and the Town Board were a nullity and that it had acquired a vested right to the use and buildings authorized by the permits. The complaint does not expressly seek a declaration that the zoning ordinance enacted in 1946 was invalid but plaintiff did mention the question in its cross motion for summary judgment. We conclude that Special Term correctly sustained the validity of the zoning ordinance and the revocation of the permits, issued in clear violation of such ordinance. It was error, however, to dismiss the complaint in this action for a declaratory judgment merely because plaintiff was not entitled to the declaration it sought. This is not a valid basis for dismissal of the complaint (*Lanza* v. *Wagner*, 11 N Y 2d 317, 334). Neither was it proper to dismiss on the ground that plaintiff was first required to exhaust the administrative remedy provided by the zoning ordinance. Insofar as the validity of the ordinance was attacked, the Board of Appeals had no power to make a determination on this issue (Anderson, Zoning Law and Practice in New York State, § 17.30; *Matter of Cherry* v. *Brumbaugh*, 255 App. Div. 880). Accordingly the order and judgment should be modified to the extent of directing judgment in favor of defendants declaring (1) that the ordinance was valid; (2) that the permits were properly revoked; and (3) that plaintiff had acquired no vested rights to use the property in violation of the ordinance. (Appeal from judgment and order of Niagara Special Term dismissing the complaint.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.