In the Matter of RICHARD A. FERRARI et al., Appellants, v TOWN OF PENFIELD PLANNING BOARD et al., Respondents.

Fourth Department, July 14, 1992

APPEARANCES OF COUNSEL

*Alan J. Knauf & Associates, P. C.,* for appellants.

*Joseph A. Platania* for respondents.

**OPINION OF THE COURT**

BALIO, J.

Petitioners are the owners of land adjacent to, or across from, a 12-acre parcel situated on the northeast corner of the intersection of State Route 250 and Penbrooke Drive in the Town of Penfield. They commenced a proceeding seeking to annul respondent Planning Board's negative declaration of environmental significance and its resolution granting subdivision plat and site plan approval for development of a professional office complex on this site. That petition was dismissed.

On appeal, petitioners contend that the negative declaration must be annulled because respondent failed to notify an

involved agency, the State Department of Environmental Conservation (DEC), at the outset of the lead agency designation process *(see,* 6 NYCRR 617.6 [c] [1]) and because respondent impermissibly issued a conditioned negative declaration in a Type I action *(see,* 6 NYCRR 617.6 [h]); and that respondent's approval of the application is procedurally defective because respondent failed to refer the revised plans to the Monroe County Planning Board *(see,* General Municipal Law §§ 239-m, 239-n). We agree. Thus, the judgment should be reversed, the petition granted to the extent of annulling the resolution of approval and the negative declaration, and the matter should be remitted for further proceedings consistent with this opinion.

■ Because the instant application for site plan and subdivision plat approval involved more than 10 acres of land, the application sought Type I action within the meaning of the State Environmental Quality Review Act (SEQRA; ECL art 8) and related regulations *(see,* 6 NYCRR 617.12 [b] [6] [i]). The SEQRA regulations do not authorize the issuance of a conditioned negative declaration for Type I actions *(see,* 6 NYCRR part 617). A conditioned negative declaration may be issued only for "unlisted action[s]" (6 NYCRR 617.2 [h]; 617.6 [h]). Respondent's declaration indicated at least one potentially negative impact and stated that "all potentially negative impacts have been substantially mitigated or eliminated" by the conditions imposed in the declaration. We conclude that the declaration constituted an impermissible conditioned negative declaration in a Type I action and that the declaration must be annulled *(see, Matter of Shawangunk Mountain Envtl. Assn. v Planning Bd.,* 157 AD2d 273, 276-277).

■ Further, where the application seeks Type I action and the application or the applicant's environmental assessment form (EAF) indicates that more than one State or local agency may be an " 'involved agency' " (6 NYCRR 617.2 [t]), the agency which must approve the application is required, as soon as possible, to mail the EAF (or draft environmental impact statement) and the application to all involved agencies and to advise those agencies that a lead agency must be agreed upon within 30 days (6 NYCRR 617.6 [c] [1]). Respondent does not contest petitioners' claim that the DEC was an " 'involved agency' " within the meaning of 6 NYCRR 617.2 (t). Respondent failed to notify the DEC of the subject application during the lead agency designation process or before the negative declaration was issued. As a result, respondent was

not properly designated the lead agency and its negative declaration is invalid *(see, Matter of City of Schenectady v Flacke,* 100 AD2d 349, *lv denied* 63 NY2d 603).

This is not a case where the failure to notify an involved agency was inconsequential *(cf., Matter of Congdon v Washington County,* 130 AD2d 27, 31, *lv denied* 70 NY2d 610). A myriad of environmental concerns were raised at the outset, and the participation of the State agency having the greatest expertise regarding those issues clearly would have been meaningful. Respondent's reliance upon *Residents of Bergen Believe in the Envt. & Democracy v County of Monroe* (159 AD2d 81, *lv denied* 77 NY2d 803) in support of its contention that the failure to notify the DEC may be excused is misplaced. In *Residents of Bergen,* the local agency properly notified all involved agencies indicated by the initial application, thereby complying with the notification mandate of 6 NYCRR 617.6 (c) (1).

■ General Municipal Law § 239-m requires that a municipal agency, before taking final action on an application for site plan approval, refer that application to a county or regional planning board for its recommendation. General Municipal Law § 239-n includes a similar requirement on applications for subdivision plat approval. The failure to refer such matters to the county or regional board is a procedural defect rendering any subsequent approval by the municipal agency null and void *(see, Matter of Burchetta v Town Bd.,* 167 AD2d 339; *Matter of Old Dock Assocs. v Sullivan,* 150 AD2d 695; *Matter of Asma v Curcione,* 31 AD2d 883). Section 239-m requires the municipal agency to submit to the county or regional board a "full statement" of the application, which is defined in subdivision (2) as "all materials required for and accepted by the referring municipal body as a completed application". Section 239-n requires submission of the "application for preliminary and/or final approval" of the subdivision plat. In our view, those sections contemplate that the county or regional board review and make recommendations on an application in substantially the form and content which is before the municipal agency for final action. Although a municipal agency should not be obligated to make multiple references on an application each time a revision is made, where, as here, the revisions are so substantially different from the original proposal, the county or regional board should have the opportunity to review and make recommendations on the new and revised plans. For example, in the

instant matter, respondent deemed the revised subdivision plat so "substantially different" from the original layout that it convened a third public hearing regarding the revised plans. In that kind of circumstance, the revised plans should also be referred pursuant to General Municipal Law §§ 239-m or 239-n. Because respondent failed to make that reference, its determination should be annulled.

Accordingly, this matter should be remitted to respondent Planning Board for de novo commencement of the lead agency designation process regarding the *revised* plans, for reference of such plans to the Monroe County Planning Department and for such further proceedings as may be required to comply with the SEQRA, the SEQRA regulations and other applicable statutes and regulations.

CALLAHAN, J. P., PINE, LAWTON and DOERR, JJ., concur.

Judgment unanimously reversed, on the law, without costs, petition granted and matter remitted to respondent Planning Board for further proceedings in accordance with the opinion by BALIO, J.