█  JOYCE LAKE et al., Respondents, v JOHN W. COWPER COMPANY, INC., et al., Respondents, et al., Defendant. J. MIGLIORE CONSTRUCTION COMPANY, INC., Third-Party Plaintiff, v ALP STEEL CORPORATION, Third-Party Defendant. LAPEYRE STAIR, a Division of INTRALUX, Third-Party Plaintiff, v COUNTY OF ERIE, Third-Party Defendant-Appellant. RUTH STROKA et al., Respondents, v JOHN W. COWPER COMPANY, INC., et al.,

Respondents, et al., Defendant. J. MIGLIORE CONSTRUCTION COMPANY, INC., Third-Party Plaintiff, v ALP STEEL CORPORATION, Third-Party Defendant. LAPEYRE STAIR, a Division of INTRALUX, Third-Party Plaintiff, v COUNTY OF ERIE, Third-Party Defendant-Appellant. [671 NYS2d 375] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motions of John W. Cowper Company, Inc., J. Migliore Construction Company, Inc., and Milstein, Wittek & Associates, Architects, Inc. (defendants), each of which sought permission to file a summons and amended answer asserting a cross claim against third-party defendant County of Erie (County) for indemnification and contribution.

The County's contention that the recent amendment to Workers' Compensation Law § 11 (*see,* L 1996, ch 635, § 2) prohibits defendants from asserting claims against the County for indemnification and contribution is not properly before us because it is raised for the first time on appeal (*see, Ciesinski v Town of Aurora,* 202 AD2d 984, 985). In any event, it is lacking in merit. "Because the amendment to Workers' Compensation Law § 11, which became effective September 10, 1996, is prospective only, it does not apply to actions pending on that date" (*Matie v Sealed Air Corp.,* 242 AD2d 863, 864). The underlying actions here were commenced in 1988.

There is no merit to the contention of the County that it may not be served with a cross claim because it is not a party in the underlying action. Defendants have already asserted similar cross claims for indemnification or contribution against defendant Lapeyre Stair, and the claims against the County, at least with respect to contribution, are related (*see,* CPLR 3019 [b], [d]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3019:13). The County's contention that the cross claims are duplicitous and contrary to CPLR 1403 is not before us because it is raised for the first time on appeal (*see, Ciesinski v Town of Aurora, supra,* at 985). Moreover, we do not consider that contention because it refers to documents outside the record on appeal (*see, Ughetta v Barile,* 210 AD2d 562, 564, *lv denied* 85 NY2d 805). The County's contention that defendants' cross claims are prohibited because defendants are not entitled to indemnification under their contracts with the County also lacks merit. It is well settled that a party who is vicariously liable is entitled to common-law indemnification from the party responsible for the plaintiff's injuries (*see, Gillmore v Duke/Fluor Daniel,* 221 AD2d 938, 939-940). Because plaintiffs allege causes of action against defendants based on negligence and violations of Labor Law

§§ 200, 240 and 241, defendants may assert claims against plaintiffs' employer, the County. Moreover, to the extent that the contracts purport to indemnify and hold harmless the County from its own negligence, they are void as against public policy (see, General Obligations Law § 5-322.1 [1]). Finally, the contention of the County that granting the motion will result in significant prejudice to it lacks merit because the only prejudice asserted is delay (see, Stengel v Clarence Materials Corp.; 144 AD2d 917, 918). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Amend Pleading.) Present— Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.