■ In the Matter of VALERIE SMITH, Individually and on Behalf of CONCERNED PLATTEKILL RESIDENTS, Appellant, v TOWN OF PLATTEKILL et al., Respondents. [787 NYS2d 406]—

Rose, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered July 9, 2003 in Ulster County, which, inter alia, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' cross motions for summary judgment dismissing the petition/complaint.

The facts underlying this proceeding/action are set forth in our decision in a prior appeal (274 AD2d 900 [2000]). To briefly reiterate, petitioner, individually as a landowner and on behalf of a concerned residents group, commenced this proceeding/action alleging that in March 1995, respondent Zoning Board of Appeals of the Town of Plattekill (hereinafter the ZBA) had acted arbitrarily, capriciously and contrary to law in deciding that the off-road motorcycle racetrack owned and operated by respondents Michael Lembo, Jr., Mary Lembo, Mary Lembo Family Trust, Mike Lembo Enterprises and Michael Lembo III (hereinafter collectively referred to as the Lembo respondents) was permissible in an R-40 residential district. Specifically, after being advised by counsel of the allegedly improper enactment of a 1987 local law that amended respondent Town of Plattekill's zoning ordinance by changing one of the permitted uses in R-40 districts from undefined "parks" to narrowly defined "public parks" and restricting "amusement and recreation uses" to other districts, the ZBA disregarded the amended ordinance and found the racetrack to be a permissible use in an R-40 district. Petitioner ultimately moved for partial summary judgment and respondents cross-moved for similar relief. Supreme Court found that the ZBA's March 1995 determination was not arbitrary, capricious or illegal and granted respondents' cross motions and dismissed the petition/complaint, prompting this appeal by petitioner.

We cannot agree with Supreme Court's conclusion that the ZBA could disregard the amendments to the Town's zoning ordinance made by the 1987 local law. The record confirms that the Town's attorney advised the ZBA in 1995 that because the Town Board failed to comply with General Municipal Law § 239-m before enacting the 1987 local law, the law was invalid and, because the defect in enactment was jurisdictional, it could be challenged despite the expiration of the statute of limitations. There is, however, no allegation or evidence in the record that the 1987 local law was ever judicially or legislatively invalidated.

"When a municipal legislative body enacts an ordinance, a presumption of validity attaches to its resolution" (*De Sena v Gulde*, 24 AD2d 165, 169 [1965]; *see Rodgers v Village of Tarrytown*, 302 NY 115 [1951]; *Shepard v Village of Skaneateles*,

300 NY 115 [1949]). In addition, a zoning board of appeals has no power to determine the validity of the ordinance it is called upon to interpret (*see Matter of Vestal-Penn Enters. v Cohen*, 59 AD2d 594, 595 [1977], *lv denied* 43 NY2d 641 [1977]; *Western Stone Prods. Corp. v Town Bd. of Town of Lockport*, 25 AD2d 493, 493 [1966]).

Furthermore, while the ZBA may have been correctly advised that the Town Board's failure to comply with General Municipal Law § 239-m was a jurisdictional defect (*see e.g. Matter of South Shore Audubon Socy. v Board of Zoning Appeals of Town of Hempstead*, 185 AD2d 984, 985 [1992]), we have held that a challenge based on that defect would be subject to the statute of limitations (*see Matter of Stankavich v Town of Duanesburg Planning Bd.*, 246 AD2d 891, 892 [1998]; *see also Matter of McCarthy v Zoning Bd. of Appeals of Town of Niskayuna*, 283 AD2d 857, 858 [2001]).

In any event, our conclusion that the ZBA exceeded its power in treating the amendment as invalid ends the inquiry because, under the clear and unambiguous language of the ordinance as amended, the Lembo respondents' racetrack is neither a permitted or special use in an R-40 district, but rather an "amusement or recreation use" allowed by special permit only in an R-60 or RR-60 district. Thus, Supreme Court erred in granting respondents' cross motions and should have granted petitioner's motion for partial summary judgment annulling the ZBA's determination.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, respondents' cross motions denied, and petitioner's motion granted to the extent of annulling the determination of respondent Zoning Board of Appeals of the Town of Plattekill.