Matter of Fichera v New York State Dept. of Envtl. Conservation (2018 NY Slip Op 01843)





Matter of Fichera v New York State Dept. of Envtl. Conservation


2018 NY Slip Op 01843


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1512 CA 16-02212

[*1]IN THE MATTER OF DR. VIRGINIA M. FICHERA, PH.D., ROBIN ALLINGER, ALVIN G. HAMMOND, JEFFREY A. COUPERUS, TIA M. COUPERUS, DALE RITCHIE AND LORRAINE RITCHIE, PETITIONERS-APPELLANTS,
v
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, ZONING BOARD OF APPEALS OF TOWN OF STERLING, PLANNING BOARD OF TOWN OF STERLING, TOWN OF STERLING, CHRISTOPHER J. CONSTRUCTION, LLC, AND CHRISTOPHER FERLITO, RESPONDENTS-RESPONDENTS. 






LIPPES & LIPPES, BUFFALO (RICHARD J. LIPPES OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARIE CHERY-SEKHOBO OF COUNSEL), FOR RESPONDENT-RESPONDENT NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION.
CAMARDO LAW FIRM, P.C., AUBURN (KEVIN M. COX OF COUNSEL), FOR RESPONDENT-RESPONDENT ZONING BOARD OF APPEALS OF TOWN OF

CHRISTOPHER FERLITO. 


 Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered May 17, 2016 in a proceeding pursuant to CPLR article 78. The judgment denied the amended petition, and granted the motion of respondents Zoning Board of Appeals of Town of Sterling, Planning Board of Town of Sterling, and Town of Sterling and the cross motion of respondents Christopher J. Construction, LLC and Christopher Ferlito to dismiss the amended petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying those parts of the motion and cross motion seeking dismissal of the third cause of action and reinstating that cause of action, and by granting the relief sought in the third cause of action, thus vacating the determinations of respondent Zoning Board of Appeals of Town of Sterling granting the area variance and amended area variance, and as modified the judgment is affirmed without costs, and the matter is remitted to respondent Zoning Board of Appeals of Town of Sterling for a new determination on petitioners' application.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to void certain actions of respondents New York State Department of Environmental Conservation (DEC) and Zoning Board of Appeals of Town of Sterling (ZBA) and to enjoin "the advancement" of a mine project on land owned by respondent Christopher J. Construction LLC, improperly sued as Christopher J. Construction, LLC (CJC). The ZBA, and respondents Planning Board of Town of Sterling, and Town of Sterling (collectively, Town respondents) moved and CJC and respondent Christopher Ferlito (collectively, Owners) cross-moved to dismiss the amended petition against them. Supreme Court denied the amended petition, and granted the motion and cross motion, but it did not issue a decision explaining its reasoning. We agree with petitioners that the court erred in dismissing the third cause of action, for the violation [*2]of General Municipal Law § 239-m, and in failing to grant the amended petition with respect to that cause of action.
We note at the outset that petitioners correctly contend that they have standing to challenge the administrative agency actions (see generally Matter of Sierra Club v Village of Painted Post, 26 NY3d 301, 310-311 [2015]; Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 687 [1996]; Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 774-775 [1991]) and, despite their assertion to the contrary in support of their cross motion, the Owners have not attempted to refute petitioners' contention on appeal.
Petitioners contend that the ZBA violated General Municipal Law
§ 239-m when it granted the Owners' original application for an area variance without referring the matter to the appropriate "county planning agency or regional planning council" (§ 239-m [2]) and, as a result, the ZBA's action in granting that initial application should be deemed null and void. Inasmuch as the ZBA's sua sponte determination to grant an amended area variance was based on its previous determination to grant the original area variance, petitioners contend that the ZBA's action in granting the amended area variance should likewise be deemed null and void. Respondents contend that petitioners' challenge to the determination granting the initial area variance is time-barred because petitioners failed to challenge that determination within 30 days, as required by Town Law § 267-c (1). Respondents further contend that the determination granting the amended area variance, which was based on the findings underlying the initial area variance and was made after the appropriate referral under General Municipal Law § 239-m, is thus valid. On the record before us, we agree with petitioners.
"General Municipal Law § 239-m requires that a municipal agency, before taking final action on an application for [land use] approval, refer that application to a county or regional planning board for its recommendation" (Matter of Ferrari v Town of Penfield Planning Bd., 181 AD2d 149, 152 [4th Dept 1992]; see § 239-m [2]). It is undisputed that the ZBA did not refer the initial application for an area variance to the Cayuga County Planning Board (County Planning Board) before taking final action on that application. Contrary to the contention of the Town respondents, area variances are proposed actions for which referral is required under the statute (see § 239-m [3] [a] [v]). "The alleged failure to comply with the referral provisions of the statute is not a mere procedural irregularity but is rather a jurisdictional defect involving the validity of a legislative act" (Matter of Ernalex Constr. Realty Corp. v City of Glen Cove, 256 AD2d 336, 338 [2d Dept 1998]; see Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 139 AD3d 742, 744 [2d Dept 2016]; Matter of Smith v Town of Plattekill, 13 AD3d 695, 697 [3d Dept 2004]; see also Ferrari, 181 AD2d at 152). Thus, the ZBA's failure to refer the initial application for an area variance to the County Planning Board renders the subsequent approval by the ZBA "null and void" (Ferrari, 181 AD2d at 152; see 24 Franklin Ave. R.E. Corp., 139 AD3d at 744). We note that we have not considered arguments and documents submitted to this Court for the first time in a postargument submission on this appeal (see Lake v Cowper Co., 249 AD2d 934, 935 [4th Dept 1998]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [1994]), and we decline to take judicial notice of the document submitted by the Town respondents inasmuch as it is outside the record on appeal (see Matter of Warren v Miller, 132 AD3d 1352, 1354 [4th Dept 2015]).
Contrary to the contentions of the Town respondents and the Owners, where, as here, there is a jurisdictional defect, "the statute of limitations does not begin to run upon the filing of [the] jurisdictionally defective document" (Matter of Sullivan v Dunn, 298 AD2d 975, 976 [4th Dept 2002]; see Matter of Hampshire Mgt. Co., No. 20, LLC v Feiner, 52 AD3d 714, 715 [2d Dept 2008]; Matter of South Shore Audubon Socy. v Board of Zoning Appeals of Town of Hempstead, 185 AD2d 984, 985 [2d Dept 1992]; cf. Smith, 13 AD3d at 697; Matter of Stankavich v Town of Duanesburg Planning Bd., 246 AD2d 891, 892 [3d Dept 1998]; see generally Matter of Foy v Schechter, 1 NY2d 604, 615 [1956]). We thus conclude that the court erred in granting the motion and cross motion insofar as they sought dismissal of the third cause of action and that the ZBA's determination approving the initial application for an area variance is null and void. Inasmuch as the determination granting an amended area variance was based on the initial, void determination, we further conclude that the ZBA's approval of the amended area variance is likewise null and void. Although the Owners contend that the ZBA's determinations need not be voided because the ZBA's unanimous approval to grant the amended area variance was sufficient to override the recommendation of the "Cayuga County GML 239-l, m & n [*3]Review Committee" to disapprove the area variance (see General Municipal Law § 239-m [5]), we conclude that the subsequent vote cannot retroactively cure the jurisdictional defect in granting the original area variance upon which the ZBA relied in granting the amended area variance.
We therefore modify the judgment by denying those parts of the motion and cross motion seeking dismissal of the third cause of action and reinstating that cause of action, and by granting the relief sought in the third cause of action, thus vacating the determinations of the ZBA granting the area variance and amended area variance. Because the ZBA's approvals of the area variance and amended area variance are null and void, we remit the matter to the ZBA for a new determination on petitioners' application (see Matter of Eastport Alliance v Lofaro, 13 AD3d 527, 529 [2d Dept 2004], lv dismissed 5 NY3d 846, 847 [2005]). In light of our determination, we do not address petitioners' contentions related to the second cause of action, which alleges that the ZBA violated Town Law § 267-b in granting the area variance and amended area variance.
Petitioners further contend that the court erred in granting those parts of the motion and cross motion seeking to dismiss the first cause of action, alleging the improper issuance of a negative declaration by the DEC under the State Environmental Quality Review Act ([SEQRA] ECL art 8) with respect to the proposed mining facility. In support of that contention, petitioners impermissibly rely on documents and reports that were generated well after the DEC made its determination (see Matter of Raritan Baykeeper, Inc. v Martens, 142 AD3d 1083, 1086 [2d Dept 2016]; Matter of City of Saratoga Springs v Zoning Bd. of Appeals of Town of Wilton, 279 AD2d 756, 760 [3d Dept 2001]; see generally Matter of Kelly v Safir, 96 NY2d 32, 39 [2001], rearg denied 96 NY2d 854 [2001]; Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000]). Considering only the "facts and record adduced before" the DEC at the time of its determination (Kelly, 96 NY2d at 39 [internal quotation marks omitted]), we conclude that the record establishes that the DEC took the requisite hard look and provided a reasoned elaboration of the basis for its determination regarding the potential impacts of the project on traffic, noise, water, agricultural land requirements, and wildlife (see generally Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d 922, 924 [2012]; Matter of Marilla v Travis, 151 AD3d 1588, 1591 [4th Dept 2017]). We thus further conclude that the DEC "complied with the requirements of SEQRA in issuing the negative declaration . . . , [that] the designation as a type I action does not, per se, necessitate the filing of an environmental impact statement . . . , [and that no such statement] was . . . required here' " (Matter of Wooster v Queen City Landing LLC, 150 AD3d 1689, 1692 [4th Dept 2017]).
Contrary to petitioners' remaining contentions with respect to their fourth cause of action, there are no identifiable violations of the Freedom of Information Law ([FOIL] Public Officers Law art 6) or the Open Meetings Law (art 7) that would warrant relief, and thus the court properly granted those parts of the motion and cross motion seeking dismissal of that cause of action. With respect to petitioners' FOIL challenges for which administrative remedies have been exhausted (see Public Officers Law § 89 [4] [a]; Matter of Bradhurst Site Constr. Corp. v Zoning Bd. of Appeals, Town of Mount Pleasant, 128 AD3d 817, 818 [2d Dept 2015]), there is no evidence that any documents were wrongfully withheld (cf. Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 79 [2017]; Matter of Bottom v Fischer, 129 AD3d 1604, 1605 [4th Dept 2015]). Moreover, petitioners have failed to establish that the Town respondents released any documents or records "because of the commencement of litigation[, and have] failed to produce any evidence that respondents did not act in good faith" (Matter of Friedland v Maloney, 148 AD2d 814, 816 [3d Dept 1989]; see Matter of Cook v Nassau County Police Dept., 140 AD3d 1059, 1060-1061 [2d Dept 2016]). We thus conclude that any technical violations in the mode or manner of the Town's responses to the FOIL requests would not warrant the imposition of costs or counsel fees (see generally Matter of Beechwood Restorative Care Ctr. v Signor, 11 AD3d 987, 988 [4th Dept 2004], affd 5 NY3d 435 [2005]).
With respect to the challenges based on the Open Meetings Law, it is well settled that " [a]n unintentional failure to fully comply with the notice provisions required by [the Open Meetings Law] shall not alone be grounds for invalidating any action taken at a meeting of a public body' . . . Thus, not every violation of the Open Meetings Law automatically triggers its enforcement sanctions" (Matter of Britt v Niagara County, 82 AD2d 65, 69-70 [4th Dept 1981]; see Matter of New York Univ. v Whalen, 46 NY2d 734, 735 [1978]). Even assuming, arguendo, [*4]that petitioners established technical violations of the Open Meetings Law, we conclude that they have failed to establish that they were aggrieved by any unintentional failures to comply fully with the notice provisions or by any lack of information on the Town's website (see Matter of Thorne v Village of Millbrook Planning Bd., 83 AD3d 723, 726 [2d Dept 2011], lv denied 17 NY3d 711 [2011]), and thus they failed to establish the requisite good cause to void any action taken by the Town respondents (see Britt, 82 AD2d at 69-70; cf. Matter of Rampello v East Irondequoit Cent. Sch. Dist., 236 AD2d 797, 798 [4th Dept 1997]; see also Matter of Edwards v Incorporated Vil. of Hempstead, 122 AD3d 627, 628 [2d Dept 2014]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court