Matter of Johnson v Zoning Bd. of Appeals of Vil. of Brockport (2025 NY Slip Op 04326)

Matter of Johnson v Zoning Bd. of Appeals of Vil. of Brockport

2025 NY Slip Op 04326

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND HANNAH, JJ.

412 CA 23-02122

[*1]IN THE MATTER OF PAULINE JOHNSON, JOANNE BOCACH AND MARY WANZER, PETITIONERS-APPELLANTS,
v
ZONING BOARD OF APPEALS OF VILLAGE OF BROCKPORT, ET AL., RESPONDENTS, AND EARTHBORN MATERIALS, LLC, RESPONDENT-RESPONDENT. 

MICHAEL STEINBERG, ROCHESTER, FOR PETITIONERS-APPELLANTS.

 Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Elena F. Cariola, J.), entered December 1, 2023, in a proceeding pursuant to CPLR article 78. The judgment granted the motion of respondent Earthborn Materials, LLC, to dismiss the petition and dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated, the petition is granted in part, the determination of respondent Zoning Board of Appeals of Village of Brockport granting the area variance is annulled, and the matter is remitted to respondent Zoning Board of Appeals of Village of Brockport for a new determination on the application of respondent Earthborn Materials, LLC.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of respondent Zoning Board of Appeals of Village of Brockport (ZBA) granting an area variance to respondent Earthborn Materials, LLC (Earthborn) for certain operations of its landscape and construction material processing business. Petitioners appeal from a judgment granting Earthborn's pre-answer motion to dismiss the petition.
Earthborn's leased worksite is located near the southeastern edge of the Village of Brockport (Village) on property zoned as a Limited Industrial Use District (LI District) under the Code of the Village of Brockport (Code) (see Code § 58-12). The Code states that the purpose of the LI District "is to establish a district for research- and development-oriented uses, office buildings and other compatible light industrial, manufacturing and assembly uses which are in architectural harmony with one another in a campus-style setting which is attractively landscaped and fitting to a [v]illage environment"
(§ 58-12 [A]). The Code provides for numerous permitted uses within the LI District (see § 58-12 [B], [C]) as well as several prohibited uses and activities (see § 58-12 [D]). Additionally, the Code imposes other requirements within the LI District, including that "[a]ll uses, including equipment for the handling of processes, shall be conducted in a completely enclosed building" (§ 58-12 [E] [2]) and that "[n]o materials, supplies or equipment shall be permitted to be permanently stored outside any building" (§ 58-12 [E] [3]). Earthborn's application sought an "[a]rea [v]ariance" from the requirements of Code § 58-12 (E) (2) and (E) (3), thereby permitting it to process materials outside of an enclosed building and to maintain a number of piles of material on the worksite. After considering the matter at a meeting and evaluating the statutory criteria applicable to an area variance, the ZBA granted Earthborn's application for an area variance and imposed certain conditions.
Earthborn made a pre-answer motion to dismiss the petition on the ground that the proceeding was untimely because petitioners did not initiate the proceeding within the requisite [*2]30 days of the filing of the ZBA's decision with the village clerk (see Village Law § 7-712-c [1]). Petitioners opposed the motion, contending that the proceeding was not time-barred because the ZBA's failure to first refer the area variance application to the requisite county planning agency pursuant to General Municipal Law § 239-m rendered the ZBA's determination jurisdictionally defective, which meant both that the statute of limitations never began to run and that the determination to grant the area variance was null and void. Earthborn replied that petitioners' contention lacked merit because, pursuant to section 239-m (3) (c), the Village and the county planning agency had entered into an agreement providing that certain proposed actions were not subject to the referral requirement, and the agreement rendered referral of the underlying area variance application unnecessary. Supreme Court granted the motion and dismissed the petition.
Petitioners contend that the court erred in granting the motion because the ZBA violated General Municipal Law § 239-m by granting Earthborn's application for an area variance without referring the matter to the appropriate county planning agency, which constitutes a jurisdictional defect that prevents the statute of limitations from running and renders the area variance null and void. We agree.
Any person aggrieved by a decision of a village zoning board of appeals may challenge that decision in a proceeding pursuant to CPLR article 78, but the proceeding must be "instituted within [30] days after the filing of a decision of the board in the office of the village clerk" (Village Law § 7-712-c [1]). "[W]here, [however], there is a jurisdictional defect, 'the statute of limitations does not begin to run upon the filing of [the] jurisdictionally defective document' " (Matter of Fichera v New York State Dept. of Envtl. Conservation, 159 AD3d 1493, 1496 [4th Dept 2018]; see Matter of Sullivan v Dunn, 298 AD2d 974, 976 [4th Dept 2002]). As applicable here, General Municipal Law § 239-m requires that a village zoning body, before taking final action on specified proposed actions, refer such proposed actions to a county planning agency for its recommendation (see § 239-m [2]-[4]; see e.g. Fichera, 159 AD3d at 1495; Matter of Ferrari v Town of Penfield Planning Bd., 181 AD2d 149, 152 [4th Dept 1992]). Use and area variances, if they apply to real property set forth in the statute, are proposed actions for which referral is required (see § 239-m [3] [a] [v]; [4]; Fichera, 159 AD3d at 1495). Nevertheless, a county planning agency may enter into an agreement with a village "to provide that certain proposed actions . . . are of local, rather than inter-community or county-wide concern, and are not subject to referral" under the statute
(§ 239-m [3] [c]; see generally Senate-Assembly Mem in Support, Bill Jacket, L 1993, ch 544 at 5-6). When the referral requirement applies, however, "[f]ailure to comply with the provision is a jurisdictional defect that renders the [village zoning body's] action invalid" (Matter of Coalition for Cobbs Hill v City of Rochester, 194 AD3d 1428, 1436 [4th Dept 2021]; see Fichera, 159 AD3d at 1495-1496; see also Ferrari, 181 AD2d at 152).
Here, there is no dispute that the ZBA did not refer Earthborn's application for an area variance to the county planning agency before taking final action on the application. Earthborn and the ZBA nonetheless argued, and the court agreed, that the requested area variance was not subject to referral under General Municipal Law
§ 239-m based on the exemptions contained in the agreement between the Village and the county planning agency (see § 239-m [3] [c]). We agree with petitioners that the court erred in that regard.
The agreement provides, in relevant part, that the Village and the county planning agency had agreed that the matters listed in an attached schedule were of local rather than inter-community or county-wide concern, and those matters were thus exempted from the county planning agency review process. The agreement further provides that "[a]ll other applicable requirements of [s]ection[ ] 239-m . . . of the General Municipal Law . . . remain in effect." Although the schedule lists numerous specifically defined matters that are subject to exemption from review, including several that relate to area variances, we conclude that, contrary to the arguments of Earthborn and the ZBA below and the ruling of the court, the agreement does not exempt all area variances, and none of the agreed-upon exemptions apply to the area variance sought by Earthborn here (cf. Matter of Rizzo v Verizon CCC LLC, 31 Misc 3d 1206[A], 2011 NY Slip Op 50505[U], *23 [Sup Ct, Niagara County 2011]). Earthborn applied for an ostensible area variance from the requirements applicable to the LI District that "[a]ll uses, including equipment for the handling of processes, shall be conducted in a completely enclosed building" (Code § 58-12 [E] [2]) and that "[n]o materials, supplies or equipment shall be permitted to be [*3]permanently stored outside any building"
(§ 58-12 [E] [3]). The area variance exemptions in the agreement, however, relate to setback requirements, "[l]ot area, lot coverage and/or lot dimensions," floor area for principal and accessory structures, the height and elevation of structures, "[b]uffer and/or landscaping requirements," parking lot size, the location and size of signs, and the height and location of fences. None of those area-related exemptions apply to the processing of materials outside of an enclosed building or to the permanent storage of industrial material and equipment outside of a building. Thus, the agreement does not exempt Earthborn's application for an area variance from the referral requirement (cf. General Municipal Law § 239-m [3] [c]).
We agree with petitioners that the court also erred to the extent that it rested its judgment on the determination that Earthborn requested "a use variance" and that the application for a use variance is exempt from the referral requirement under the agreement. Notwithstanding the content of the application itself, Earthborn's unwavering insistence that it sought an area variance, and the ZBA's evaluation and approval of the application under the area variance standard, the court improperly characterized the ZBA as having granted Earthborn's request for "a use variance" and then determined that the application for a use variance fell within the agreement's exemption for variances from the "[t]ype of use, as long as the use does not have direct access to a County or State road." The case upon which the court relied in recharacterizing Earthborn's application stands for the uncontroversial proposition that a court " 'must first ascertain what administrative decision [a] petitioner is actually seeking to review' " to determine the applicable limitations period (Matter of Crowell v Zoning Bd. of Appeals of the Town of Queensbury, 151 AD3d 1247, 1249 [3d Dept 2017]), not for the dubious proposition that a court is entitled to recast the nature of the administrative decision that was actually made. Earthborn applied for an area variance and that relief is what the ZBA considered and granted. The ZBA would have had to apply different statutory criteria if it had considered whether to grant a use variance (compare Village Law
§ 7-712-b [2], with § 7-712-b [3]). The court therefore erred in concluding that Earthborn's application for an area variance was not subject to the referral requirement on the ground that the application fit precisely within the agreed-upon exemption for certain use variances.
Inasmuch as the agreement does not exempt Earthborn's application for an area variance from the referral requirement (cf. General Municipal Law § 239-m [3] [c]) and the ZBA did not refer the application to the county planning agency, the ZBA's approval of the application is jurisdictionally defective (see Fichera, 159 AD3d at 1495-1496). Consequently, the statute of limitations did not begin to run upon the filing of the jurisdictionally defective document with the village clerk, and the court thus erred in granting the motion to dismiss the petition as untimely (see id. at 1496). Moreover, the ZBA's failure to refer Earthborn's application for an area variance to the county planning agency under these circumstances renders its approval of the application " 'null and void' " (id. at 1495). Inasmuch as the ZBA's approval of the area variance is null and void, the further appropriate remedy is to remit the matter to the ZBA for a new determination on Earthborn's application (see id. at 1496). Based on the foregoing, we reverse the judgment, deny the motion, reinstate the petition, grant the petition in part, annul the ZBA's
determination granting the area variance, and remit the matter to the ZBA for a new determination on the application.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court